**SPEEDRACK INC., an Illinois corporation, Plaintiff,**

v.

**Fred L. BAYBARZ, individually and dba F. L. Baybarz Enterprises, and Lodi Fab Industries Inc., Defendants.**

**Civ. No. S–558.**

United States District Court
E. D. California.

Oct. 4, 1968.

Warren, Rubin, Brucker & Chickering, H. Michael Brucker, Oakland, Cal., for defendants.

J. Bruce McCubbrey, San Francisco, Cal., for plaintiff.

### MEMORANDUM AND ORDER

MacBRIDE, Chief Judge.

This is a motion for an order to compel discovery and production of documents and things for inspection, copying, or photographing pursuant to Rule 34 of the Federal Rules of Civil Procedure. Plaintiff has sued for patent infringement and now seeks to discover items in the defendants' custody or control.

Plaintiff's complaint alleges that it has a substantial business manufacturing and selling storage racks embodying its inventions, for which it has been issued Patents No. 2,932,368 (hereinafter Patent A) and No. 3,102,641 (hereinafter Patent B). The complaint further alleges that within the last six years the defendants, engaged in a similar business, have infringed plaintiff's patents by incorporating similar devices in their storage racks. The plaintiff prays for a declaration of the validity of its patents, injunctions prohibiting further infringement and damages.

Plaintiff now seeks an order to compel defendants to produce and permit it to inspect and copy or photograph all documents and things in defendants' possession, custody or control, or available to them which embody, refer or relate to any of the following subjects:

1.) The application for, or the apparatus described in Patents A, B, and C.[1]

---

1. Patent C is United States Patent No. 3,096,108, which is not mentioned in any pleading, but which plaintiff's affidavit describes as defendant Baybarz' patent, accused of infringing plaintiff's Patent A.

2.) The design, construction, operating characteristics, or performance of defendants' adjustable rack connections or of defendants' adjustable storage racks (or of any engineering model or prototype thereof) which have been commercially marketed or considered as possible alternative constructions of items which have been marketed.

3.) Storage racks made or sold by *plaintiff*, or its predecessor, which contained adjustable rack connections or were horizontally or vertically adjustable.

4.) Infringement or noninfringement of either Patent A or Patent B by products made, sold, or contemplated to be made or sold by defendants.

The request specifically exempts documents or things properly withheld on the grounds of privilege, trade secrecy or work product, but requests that these items be listed with a statement as to grounds for withholding.

The defendants object to the motion in toto on the grounds that it lacks definiteness and a showing of good cause; calls for items irrelevant to the litigation but of competitive value to plaintiff; and places an unreasonable burden upon them to comb their files and produce the requested material.

There is no meaningful yardstick either in the Rules or the cases for determining the questions presented by this kind of motion. Rule 34 requires that the moving party show "good cause" and that the items requested be "designated." The standard of relevance is provided by Rule 26(b) which requires that the material relate to "the claim or defense of the examining party or * * * any other party," and appear "reasonably calculated to lead to the discovery of admissible evidence" if the material sought is inadmissible.

■ Plaintiff's affidavit does not make any explicit statement of "good cause" for production of the material it wants. This is not necessarily fatal, however. The United States Supreme Court has indicated that "the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule. * * * [However,] * * * there are situations where the pleadings alone are sufficient to meet these requirements." Schlagenhauf v. Holder, 379 U.S. 104, 119, 85 S.Ct. 234, 243, 13 L.Ed.2d 152 (1964).

■■ The essence of a showing of good cause seems to be a demonstration that inspection of the documents to be produced is in some way necessary to the adequate preparation of the case. 4 Moore's Federal Practice, para. 34.08, p. 2476 (1967) [citing cases]. Plaintiff's pleadings and affidavit indicate that an essential issue will be the defendant's knowledge of the plaintiff's products and patents. Whether defendants' wilfully copied is also at issue. One way to get information as to these matters is from the business records of defendant. That appears to be the purpose of plaintiff's motion. While plaintiff's affidavit is devoted solely to the relevance of the material requested, it can be inferred from that and the pleadings that proper preparation of its case requires the requested discovery.

■ However, this does not apply to material relating to Patent C (No. 3,096,-108). This patent does not appear in any pleading, and there has not been a sufficient showing of good cause or relevance in plaintiff's affidavit to permit granting this motion with respect to it.

■ Good cause has also not been shown for discovery of documents which are a matter of public record, such as those in the files of the United States Patent Office. Defendants will not be required to produce any such documents.[2]

2. This ruling applies only to documents which are themselves available to the public. Documents in possession or control of defendants which *refer* to documents or information of public record are still discoverable as they may indicate

See Fastener Corporation v. Spotnails, Inc., 43 F.R.D. 204, 206 (N.D.Ill.1967).

I now move to the question of whether plaintiff has described the material requested with the required specificity. There are two views on this matter. The strict view requires the motion to designate the particular documents called for. See United States v. American Optical Company, 2 F.R.D. 534 (S.D.N.Y.1942). The more liberal view

> * * * holds it sufficient if the documents are designated by categories, as long as the categories themselves are sufficiently defined. This position is based on the idea that "it is more the purpose of the rule that definite matters which are material and about which information is desired be designated rather than certain books be designated which may or may not contain the information desired," and that to require more specific designation "would primarily serve dilatory purposes." This more liberal view has been given the implied approval of the Advisory Committee. 4 Moore's Federal Practice, para. 34.07, pp. 2459–63 (1967) [citing cases].

Plaintiff's motion specifies "with reasonable particularity the subjects to which the documents called for * * * [relate]." That is all that is required. Brown v. United States, 276 U.S. 134, 143, 48 S.Ct. 288, 72 L.Ed. 500 (1928) (cited with approval by the Advisory Committee in the note to the 1946 Amendment of Rule 34).

The defendants' objections that plaintiff is on a "fishing expedition" causing them to be unreasonably bur-

dened are also insufficient to deny the motion. "The rules permit 'fishing' for evidence, as they should. If documents in defendant's possession tend to sustain plaintiff's claim, plaintiff is entitled to inspect them and have the use of them as evidence." 4 Moore's Federal Practice, para. 34.09, p. 2494 (1967) [citing cases]. The Supreme Court has permitted just such a burdensome search:

> We see no reason why all such books, papers and correspondence which related to the subject of inquiry, and were described with reasonable detail, should not be called for and the company directed to produce them. Otherwise, the * * * [movant] * * * would be compelled to designate each particular paper which it desired, which presupposes an accurate knowledge of such papers, which the * * * [party] * * * desiring the papers would probably rarely, if ever, have. Consolidated Rendering Co. v. State of Vermont, 207 U.S. 541, 543–544, 28 S.Ct. 178, 52 L.Ed. 327 (1908) (cited with approval by the Advisory Committee in the note to the 1964 amendment of Rule 34).

Such a burden is concomitant with modern discovery practice. I cannot see how defendants would be any less burdened by having plaintiff, as defendants suggest, ascertain by interrogatories such information as would enable it to more specifically designate the documents and things it needs. Such a course would only prolong the litigation.

This memorandum and order, of course, does not prevent defendants from seeking a later protective order based upon matters developing as the discovery process proceeds.[3]

knowledge or wilfulness on the part of defendants.

3. Defendants should be warned that this court will look with favor on such a request in direct proportion to the specificity of the objection. In other words, merely alleging that certain items will be of "considerable competitive value to

plaintiff" without further explanation, will be insufficient.

In addition, with respect to all opposed motions and objections relating to depositions and discovery pursuant to Rule 26 through Rule 37, Federal Rules of Civil Procedure, counsel for the parties shall meet and confer in advance of the hearing on any such motion or ob-

It is hereby ordered that plaintiff's Motion for Production of Documents and Things under Federal Rule of Civil Procedure 34 directed to defendants Fred L. Baybarz, individually and dba F. L. Baybarz Enterprises and Lodi Fab Industries, Inc. be, and the same is, hereby granted to the extent, and with the limitations expressed in this memorandum.

It is further ordered that the above-named defendants produce and permit the plaintiff and its attorneys to inspect, copy and photograph said documents and things at 1029 South Sacramento Street, Lodi, California or wherever else is reasonably necessary, beginning on a date mutually agreeable to respective counsel, and on every business day thereafter until inspection, copying or photographing is completed.

jection at a mutually convenient time and place in a good faith effort to eliminate objections as to the form of interrogatories and requests for admissions, disagreements as to terminology or nomenclature, and all other disputes with respect to the discovery process. The conference shall be held at a time in advance of the hearing such as will enable the parties to narrow the areas of disagreement to the greatest extent practicable. It shall be responsibility of counsel for the moving or objecting party or parties to arrange for the conference. It shall be the responsibility of all parties appearing to formulate and file with the Clerk, not later than the Wednesday prior to the hearing, a written stipulation specifying with particularity the details of the meeting, the issues remaining to be determined at the hearing, and the contentions of each party as to each issue. Compliance with this order is a prerequisite to the Court hearing said motions and/or objections relating to discovery.