**Richard C. CALE, Plaintiff,**

v.

**OUTBOARD MARINE CORPORATION, Defendant.**

**No. 69–C–309.**

United States District Court
E. D. Wisconsin.

Nov. 13, 1969.

---

Andrus, Sceales, Starke & Sawall, Milwaukee, Wis., for plaintiff.

Wheeler, Wheeler, House & Clemency, by Robert E. Clemency, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This memorandum will consider three motions made by the defendant. The defendant has moved for an order directing that there be a separate trial on the liability issue, with a postponement of discovery with respect to the issue of damages until after a determination has been made on the liability issue.

A second motion by the defendant seeks to have the court sustain its objection to the plaintiff's interrogatory 18 which relates to the number of certain boats produced by the defendant. It is argued that this information is sought by the plaintiff in connection with the subject of damages.

Finally, the defendant has moved for an order requiring the plaintiff to answer defendant's interrogatories numbered 37, 40, 41, 42, and 45.

In my opinion, the better exercise of discretion under rule 42(b), Federal Rules of Civil Procedure, as it applies in the case at bar, is to require that the issue of liability be resolved prior to the issue of damages. Enger-Kress Co. v. Amity Leather Products Co., 18 F.R.D. 347 (E.D.Wis.1955).

The presence of a jury is not a controlling factor in determining whether the liability issue should be determined separately from the damage issue. Having concluded that the damage issue should be reserved for subsequent trial, it follows, in my opinion, that discovery on this topic should also be deferred. Interrogatory 18 would appear to inquire into a matter of damages and, accordingly, I hold that the objection to this interrogatory is well taken.

Although the defendant has moved for an order requiring the plaintiff to answer the five interrogatories,

the plaintiff, Mr. Cale, has responded to each of those interrogatories; however, he has done so in a manner which is not satisfactory to the defendant. To each of the five interrogatories, the plaintiff has responded that he is unable to answer "because I am not learned in the law". Although the defendant urges that the interrogatories in question seek factual information, I believe that they seek information which is at least mixed as to fact and law. In my opinion, the plaintiff's answers to the five interrogatories preclude a granting of the defendant's motion.

Accordingly, it is ordered that the defendant's motion for separate trials on liability and damages and for a postponement of discovery with respect to the issue of damages until after the determination of the liability issue be and hereby is granted.

It is further ordered that the defendant's objection to plaintiff's interrogatory 18 be and hereby is sustained.

It is further ordered that the defendant's motion for an order compelling the plaintiff to answer interrogatories 37, 40, 41, 42 and 45 be and hereby is denied.