**POWERLOCK SYSTEMS, INC.,**
**Plaintiff,**

v.

**DUO–LOK, INC. and Baseman Brothers, Inc., Defendants.**

**No. 71–C–486.**

United States District Court,
E. D. Wisconsin.

Feb. 18, 1972.

Godfrey & Kahn by David M. Hecht, Milwaukee, Wis., for plaintiff.

Philip H. Schwiesow, Germantown, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

There are three motions before the court which will be considered in this memorandum. The plaintiff has moved to strike defenses number 14, 15 and 18 which were contained in the defendants' answer. The defendants have moved for an order separating the trial of the issue of validity from the issues of infringement and damages. The third matter before the court is the defendants' contention that the plaintiff's interrogatories be quashed.

The complaint in this case alleges that the defendants have infringed the plaintiff's patent no. 3,031,725. The defendants' answer denies various allegations of the complaint and then sets forth eight separate affirmative defenses.

Paragraphs 14, 15 and 18, which the plaintiff has moved to strike, provide as follows:

"14. Defendants, upon information and belief, allege and assert that they are clearly operating under and within, and fully protected by, a device, devices, plans, methods and systems, processed and authorized (with all relevant validity searches) under the usual and ordinary patent applications and patent pending grants of the United States Patent Office.

"15. Defendants, upon information and belief, allege and assert that the alleged Powerlock Patent No. 3,-031,725 is, *in itself*, an infringement upon patents, methods, and plans held by others.

"18. Defendants, upon information and belief, allege and assert that the alleged Plaintiff was the moving party in another law suit which was, without question, and without reservation, decided for the defendants; to wit, Powerlock Floors, Inc. v. Robbins Flooring Company (U.S. DC–Dist. Delaware-Civ. A No. 3262) 327 Fed. Supp. 388, May 20, 1971."

In my opinion, paragraph 14 of the defendants' answer does not assert a legal defense. The defendants claim that they are operating under "patent applications and patent pending grants," but this does not constitute a valid defense to the charge that they are infringing a prior patent. Little Mule Corp. v. Lug All Company, 254 F.2d 268, 272 (5th Cir. 1958), cert. denied 358 U. S. 838, 79 S.Ct. 62, 3 L.Ed.2d 73 (1958).

In alleging that the plaintiff's patent infringes the patent of somebody else (paragraph 15), the defendants are asserting a purported defense which is, on its face, a contradiction of a patent grant as set forth in 35 U.S.C. § 154. If the plaintiff's patent is not valid because of the prior art, the defendants have accomplished this allegation by their challenge, in paragraph 16, of the validity of the plaintiff's patent. In my opinion, the plaintiff is entitled to have affirmative defense number 15 stricken as failing to state a legally sufficient defense.

The plaintiff points out that the law suit referred to in affirmative defense number 18 relates to a patent different from that involved in the case at bar. Since that case did not consider patent 3,031,725, it is not germane to the case at bar and must be stricken.

In their motion for separate trials, the defendants urge that there be an independent trial on the question of validity, an independent trial on the question of infringement, and, finally, an independent trial on the question of damages. The plaintiff is amenable to having the issue of damages tried separately from the issue of liability, and that is consistent with Rule 42(b), Federal Rules of Civil Procedure. See Cale v. Outboard Marine Corporation, 48 F. R.D. 328, 329 (E.D.Wis.1969). The court will grant the motion for separate trials to the extent that validity and infringement are tried together, but separate from the issue of damages.

The defendants object to the interrogatories propounded by the plaintiff to the defendants. Seventy-five interrogatories were directed at the defendant Duo-Lok, Inc., and 71 interrogatories were directed to Baseman Brothers, Inc. The defendants urge that these interrogatories are irrelevant and immaterial and will subject the defendants to "annoyance, expense, continued harassment, embarrassment, and oppression."

I have examined the proposed interrogatories and regard them as generally germane and proper. The defendants, on the other hand, urge that until the issue of validity is resolved, all other questions and inquiries are premature. In my opinion, the defendants' objections are too broad; the defendants have not met their burden of persuasion. See Pappas v. Loew's, Inc., 13 F.R.D. 471, 474 (M.D.Pa.1953).

Therefore, it is hereby ordered that the plaintiff's motion to strike affirmative defenses 14, 15 and 18 be and hereby is granted, and

It is also ordered that the defendants' motion for separate trials is granted to the extent that the issues of validity and infringement shall be tried together, but separate from the issue of damages, and in all other respects, the defendants' motion for separate trials be and hereby is denied.

And it is further ordered that the defendants' objections to the interrogatories propounded by the plaintiff be and hereby are overruled, and the plaintiff's demand for reasonable expenses in connection with the defendants' objections to the interrogatories be and hereby is denied.