MIDLAND–ROSS CORPORATION, an Ohio Corporation, Plaintiff,

v.

UNITED STEELWORKERS OF AMERI-CA, AFL–CIO, United Steelworkers of America, District No. 20, and United Steelworkers of America, Local Union 1477, Defendants.

Civ. A. No. 78–739.

United States District Court,
W. D. Pennsylvania.

Aug. 21, 1979.

Henry J. Wallace, Jr., Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for plaintiff.

Howard Grossinger, Pittsburgh, Pa., for defendants Steelworkers of America, AFL–CIO and District 20.

John W. Murtagh, Jr., Pittsburgh, Pa., for defendant Steelworkers, Local Union 1477.

## OPINION

SNYDER, District Judge.

In this action under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, the Defendant-Union seeks to compel discovery of the salaries of various individual employees of the Plaintiff. The Motion will be partially granted.

The dispute in this case arises out of an alleged four-day work stoppage at Plaintiff's Sharon, Pennsylvania facility, in derogation of a no-strike provision in the parties' collective bargaining agreement. Plaintiff claims damages for salary costs of $10,439.00 per day, attributable to payments to 138 foremen, supervisory, technical and clerical personnel.

Defendant, by interrogatory, sought to discover the names of each individual whose salary comprised the claim, together with their annual salary and the amount of salary claimed as damages for such individuals in this action. Plaintiff has provided the names of the individuals for whom salaries are claimed, plus lump sum figures for various groups of employees. Plaintiff has not provided the specific salaries paid to the various individuals, and objects to doing so on grounds of relevancy and confidentiality.

■ Salaries are not privileged from the scope of pre-trial discovery. *See, e. g., Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631 (D.Md.1978) (plaintiff in Title VII case entitled to discover documents dealing with salary and benefit data); *Adams v. Dan River Mills, Inc.*, 54 F.R.D. 220 (W.D.Va.1972). While the court may deny discovery requests if the underlying purpose is delay or harassment, *U. S. v. Howard*, 360 F.2d 373, 381 (3rd Cir. 1966), or if the information is sought for use in a different proceeding or context, *Econo-Car International, Inc. v. Antilles Car Rentals*, 61 F.R.D. 8 (D.V.I. 1973), or if the information is privileged, *see* Fed.R.Civ.P. 26(b)(1), the Plaintiff here has not asserted any of these grounds.

■ The scope of discovery as defined in Fed.R.Civ.P. 26(b)(1) [1] is limited only by relevance, *Milner v. National School of Health Technology*, 73 F.R.D. 628 (E.D.Pa. 1977), and relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353, 98 S.Ct. 2380, 2389–90, 57 L.Ed.2d 253, 265 (1978).

Defendant contends that the individual salary payments are relevant, for they are aggregated to make the Plaintiff's claim. Defendant further contends that the payments are relevant to its anticipated defenses that certain individuals in this group of 138: 1) were not scheduled for work during the period in question; 2) were ab-

---

1. Fed.R.Civ.P. 26(b)(1) provides:

"*Scope of Discovery.* Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

sent due to causes unrelated to the work stoppage; 3) were employed at another location during the time period; or 4) performed their normal work during the period in question.

Plaintiff, on the other hand, contends that these salary costs are in the nature of fixed costs and thus were incurred by it during the period of the strike whether or not a particular employee was available for work.

 Without ruling on the merits of the manner in which Midland-Ross has computed its damages, case law makes clear that the victim of an illegal strike is permitted to recover fixed costs attributable to the period of the strike, and salaries of supervisory employees may be included as a fixed cost. *See Foam and Plastics Division, Tenneco Chemicals, Inc. v. Local 401, International Brotherhood of Teamsters*, 520 F.2d 945 (3rd Cir. 1975); *United Electrical, Radio & Machine Workers of America v. Oliver Corp.*, 205 F.2d 376 (8th Cir. 1953). In other words, Midland-Ross would be entitled to the "necessary expenditures incurred by it during the period of the strikes and for which it received no return in productive labor." *United Electrical, Radio & Machine Workers of America v. Oliver Corp., supra.* Conversely, if the Defendant here is able to show some of the expenses were not incurred or should be allocated to productive labor elsewhere, then the total figure must be adjusted. Although the Defendant has not yet shown that some of the salary costs were not incurred, the requested information certainly "bears on an issue that may be in the case," and is therefore relevant.

The Defendant has also requested the annual salaries of the 138 individuals in question. We fail to see how this information would be relevant to the issues in this case, for it will not aid in determining appropriate damages or provide a check on the figures given, in light of possible changes in salaries by increase and overtime pay. Only the four day period is relevant here. Accordingly, the request for production of this information will be denied.

An appropriate Order will be entered.