**AM INTERNATIONAL, INC., Plaintiff,**

v.

**EASTMAN KODAK COMPANY,
Defendant.**

No. 80 C 4016.

United States District Court,
N.D. Illinois, E.D.

Oct. 21, 1981.

See also, D.C., 577 F.Supp. 1117.

L. Michael Jarvis, Mark T. Banner, D. Dennis Allegretti, Charles G. Call, Allegretti, Newitt, Witcoff & McAndrews, Chicago, Ill., Anthony W. Karambelas, Los Angeles, Cal., for plaintiff.

Charles A. Bane, Donald C. Clark, Jr., Paul W. Schroeder, Isham, Lincoln & Beale, Chicago, Ill., Stanley C. Macel, III, Arthur G. Connolly, Connolly, Bove & Lodge, Harold Pezzner, Connolly, Bove & Lodge, Wilmington, Del., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, AM International, Inc. ("AMI"), filed this patent infringement action on July 30, 1980, alleging that the Ektaprint Copier-Duplicator machines manufactured, used and sold by defendant, Eastman Kodak Co. ("Kodak"), infringed four U.S. patents owned by AMI. In its answer to the complaint, Kodak denied all material allegations and raised various affirmative defenses, including questions of the patents' invalidity and unenforceability based on laches, estoppel, unclean hands, and failure to inform the Patent Office of relevant prior art. In addition, Kodak filed a counterclaim against AMI for unfair competition. The counterclaim is based on allegations that the suit brought by AMI is groundless and was brought in bad faith to achieve objectives unrelated to the patents in issue.

On October 15, 1980, Kodak served interrogatories to plaintiff and request for production of documents. AMI filed answers to the interrogatories on November 17, 1980. In its answers, AMI objected to a number of the interrogatories, and the parties have been unable to settle their disagreements by negotiation. Defendant Kodak's motion to compel answers to the interrogatories followed, and is the subject of this order.

Before considering the specific objections to each of the interrogatories in turn, one general objection on the part of AMI must be discussed. AMI objected, in whole or in part, to six of Kodak's nine interrogatories on the basis of the qualified work product privilege. Clearly, that objection is proper under F.R.Civ.P. 26(b)(3), assuming that the documents for which the privilege is claimed meet the requirements of the Rule. As a part of its claim of privilege, AMI has also refused to identify the material that it is withholding.

In its motion to compel, Kodak has requested that the court require AMI to identify the documents for which it claims the work product privilege. Though much of the argument of the parties revolves around the issue of whether or not AMI properly claimed the work product privilege, Kodak's reply brief stated the only controversy that is presently before the court concerning the privilege: "What Kodak is currently seeking is an identification—not production—of the withheld material." None of the discussion that follows reflects in any way upon the question of whether the privilege has been properly claimed by AMI.

■ Turning to the question of identification, the law is clear that relevant documents for which a privilege is claimed must be identified. The court in *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 301–02 (E.D.Pa.1980), stated the following:

"Privilege is, of course, a valid objection to interrogatories ... but the mere claim of the privilege does not justify a refusal to identify properly the information and documents requested by plaintiff.... The party invoking the privilege defense must show that what it seeks to protect falls therein." (Citations omitted.)

Other jurisdictions, including this one, have accepted that rule of law. *See Innes v. Peerless Insurance Co.*, 21 F.R.Serv.2d 1371 (D.Mass.1976); *East Chicago Machine Tool Corp. v. Stone Container Corp.*, 15 F.R. Serv.2d 1278 (N.D.Ill.1972). The rationale for such a rule is compelling. Without identification of the documents, the party against whom the privilege is claimed is completely unable to challenge the validity of that claim. The outcome is indefensible.

■ AMI cites the case of *Stix Products, Inc. v. United Merchants & Manufacturers,*

*Inc.,* 47 F.R.D. 334 (S.D.N.Y.1969), for the proposition that identification of the withheld documents is not required. It is true that in *Stix Products,* the court held that specific identification of the withheld documents was not required. However, the circumstances there were very different than the circumstances here. In *Stix Products,* the court found as a fact that,

> "UMM has sufficient identification from the various motion papers and this Court's opinion to investigate the possibility of waiver and to determine for itself the soundness of the Court's conclusion that all of the documents are privileged." *Id.* at 339.

Here there has been no identification whatsoever of the withheld documents. The identification requested by Kodak is required in order to test the soundness of AMI's asserted privilege.

The form of the required identification should not be a matter for controversy. Concerning those documents for which AMI claimed the attorney-client privilege, as opposed to the work product privilege, AMI provided a list to Kodak containing each document's number, date, author, addressee, the document type, the number of pages, and a brief description of the document's subject matter. A similar list of those documents for which AMI claims the work product privilege should be given to Kodak.

In addition to the broad objection based on the work product doctrine, AMI has made other objections to some of Kodak's interrogatories. The remaining objections are discussed in turn below.

*Interrogatory No. 1*

In its first interrogatory, Kodak seeks information concerning AMI's purchase on the open market and commercial use of Ektaprint machines, including any modifications, disassemblies, tests, or inspections of those machines by AMI. In addition to its objection based on the work product privilege, AMI also objects to this interrogatory on the grounds of relevance. In its memorandum in opposition to the motion to compel, AMI admits that it has purchased

and modified some of the Ektaprint machines for use in a prototype Electronic Document Communication System currently being developed by AMI for the delivery of "electronic mail." AMI claims that that use of the Ektaprint machines has no relevance to the issues in this lawsuit.

■ The test for relevance in the discovery area is an extremely broad one. "[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." 8 Wright & Miller, *Federal Practice and Procedure,* Civil § 2008 (1970). *See Midland-Ross Corp. v. United Steelworkers of America,* 83 F.R.D. 426 (W.D.Pa.1979); *In re Folding Carton Antitrust Litigation,* 83 F.R.D. 251 (N.D.Ill. 1978).

■ Kodak claims that the information that it seeks is clearly relevant. The disassembly and modification may have developed facts establishing that Kodak's Ektaprint machines do not infringe AMI patents. The relevance of such facts is obvious, both for Kodak's defense of non-infringement and its unfair competition counterclaim. AMI's objection to this interrogatory is overruled.

*Interrogatory No. 4*

■ In its fourth interrogatory, Kodak seeks basic information concerning the invention of each claim of each of the patents in this suit. AMI did not object to this interrogatory; however, it failed to respond with respect to patent 3,838,921 ("Sargis"). In its complaint, AMI alleged that the Sargis patent was infringed by the Ektaprint machine. Well after Kodak filed its counterclaim, AMI announced that it had elected to disclaim the Sargis patent, apparently because prior art existed which made the patent invalid.

One of Kodak's major allegations in its counterclaim is that AMI knowingly filed suit based on invalid patents in order to unfairly compete with Kodak. Information concerning the admittedly invalid Sargis

patent is obviously relevant to Kodak's counterclaim. AMI should provide the information requested in this interrogatory.

*Interrogatory No. 8*

 Kodak's eighth interrogatory asks for specific information concerning AMI's licensing and attempts to license the patents at issue in this case. AMI has agreed to produce copies of its licensing agreements with IBM and Xerox which pertain to those patents. However, AMI has refused to produce the background documents relating to the negotiations leading up to those agreements on the grounds that those documents are irrelevant. AMI claims that the patents involved here are not mentioned in any of those documents.

Kodak has responded to AMI's arguments by noting that licensing and attempts to license are prolific sources of information regarding weaknesses in patents. Also Kodak claims that attempts to license are relevant to its counterclaim in that they may show AMI's inability to produce a satisfactory copying machine. Kodak alleges that that inability is the motivation for the filing of this lawsuit.

The court is unable to determine from those arguments by the parties to this lawsuit that the information requested in Interrogatory No. 8 could not possibly lead to the discovery of relevant information. Therefore, AMI's objection to this interrogatory on the grounds of relevance must be overruled.

One final issue requires comment by the court. It appears from AMI's answers to Kodak's interrogatories and the briefs filed by the parties concerning the motion to compel that AMI has promised to supply Kodak with considerable amounts of additional information. According to Kodak, AMI has not yet complied with its promises, nearly a year after they were made. Such action by AMI is correctly described, and the court hereby orders AMI to produce the information that it has promised within 30 days.

For the reasons stated above, defendant Kodak's motion to compel is granted. Plaintiff is ordered to identify all documents which it intends to withhold under a claim of privilege and to produce all documents that do not meet the requirements of such a claim. Plaintiff is further ordered to answer all interrogatories to which it has objected on the basis of irrelevance, as called for in this order. Each party will bear its own costs related to this order.