GEOPHYSICAL SYSTEMS CORP.,
etc., Plaintiff,

v.

RAYTHEON COMPANY, INC., etc., et
al., Defendants.

No. CV 85–8359 AWT (Kx).

United States District Court,
C.D. California.

April 22, 1987.

Les J. Weinstein, Robert G. Badal, Douglas W. Stern, David D. Lawrence and Wayne M. Smith, Pepper, Hamilton & Scheetz, Los Angeles, Cal., for plaintiff.

Charles E. Patterson, Jennie L. La Prade and George K. Rosenstock, Lillick, McHose & Charles, Los Angeles, Cal., for defendants.

### ORDER ON REVIEW OF MAGISTRATE'S DISCOVERY ORDER

TASHIMA, District Judge.

### I. PROCEDURAL BACKGROUND

Before the Court is plaintiff's renewed motion for review and reconsideration of the magistrate's Minute Order of December 26, 1986, denying plaintiff's motion to compel production of documents sought in plaintiff's Document Request Nos. 6, 10, 26, 28, 30(c), 30(d) and 32 and imposing sanctions of $1,250.00 in costs against plaintiff's counsel.

Plaintiff filed its original motion for reconsideration on January 12, 1987. However, because the magistrate had not set forth the basis for his rulings, the Court was unable to apply the "clearly erroneous or contrary to law" statutory standard of review of such orders under 28 U.S.C. § 636(b)(1)(A). In addition, plaintiff argued that the magistrate's rulings were inconsistent with the order of this Court of December 29, 1986, requiring that defendants produce certain redacted material even if it contained customer lists because defendants failed to show that the protective order covering such information was inadequate.

Consequently, the Court, on February 2, 1987, recommitted the matter to the magistrate with instructions that the plaintiff provide him with a transcript of the December 29 hearing and that he briefly set forth the bases for his decision regarding each of the document requests and the award of sanctions. The magistrate filed his response to the Court's order on February 13, 1987. Plaintiff then brought this renewed motion for review and reconsideration of the magistrate's discovery order.

### II. DISCUSSION

Because the magistrate's order covers several different document requests as well as the award of sanctions, it is necessary to consider the requests and the sanctions individually. However, there is one issue common to several of the document requests. Most of the matters appealed here are issues that do not fall directly under the standard of review embodied in § 636(b)(1)(A). They concern issues of relevancy that are traditionally left to the discretion of the trial court. *E.g., Centurion Indus. Inc. v. Warren Steurer*, 665 F.2d 323, 326 (10th Cir.1981). The test of relevance in the discovery context is a very broad one. *AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D.Ill. 1981). More precise evidentiary rulings should await trial, when the issues are more clearly defined, and be made then or *in limine*. At this juncture, the Court must review the magistrate's order with an eye toward the broad standard of relevance in the discovery context. Thus, the standard of review in most instances is not the explicit statutory standard, but the clearly implicit standard of abuse of discretion.

#### A. *The Document Requests*

Document Request Nos. 6, 10 and 30(c) were denied for similar reasons: they were too broad, they contained "boilerplate" language and defendant Raytheon stated under oath that it had no such documents. Request Nos. 10 and 30(c) seek production of documents relating to Seismograph's development, marketing, sale, lease or use of the Phoenix VPU system. Request No. 6 seeks documents regarding any deficiencies, problems, errors, omis-

sions or defects in the software or hardware supplied by Seismograph to Geophysical or any other person.

Geophysical seeks to use all of these documents or evidence derived therefrom to support its claims of intentional or negligent misrepresentation, that is, to show either that Seismograph and Raytheon knew that the representations they were making were false or that they had no reasonable basis for making them. Defendant Raytheon argues that the system Geophysical received is unique so that documents pertaining to problems with other systems are irrelevant to Geophysical's claims.

However, defendant Raytheon has admitted that Geophysical received a "modified" version of the Phoenix I and Phoenix VPU systems that other customers received. Tr. of Dec. 29, 1986 Hearing, Ex. H, Pltf's Memo. of Points and Auth. in Supp. of Renewed Motion for Review and Reconsideration, at 76–77. Although the Court cannot now and does not purport to rule on the merits of Geophysical's argument, it is entirely possible that the Phoenix I or Phoenix VPU contained the same or similar defects that the modified system allegedly contained. Defendants' knowledge of such defects, if any existed, in the precursor systems would be relevant to plaintiff's fraud claims. Request No. 6 seeks documents pertaining to defects or problems with the systems provided to Geophysical or any other entity. However, it is worded broadly and seeks relevant information only to the extent that it applies to the Phoenix I or Phoenix VPU systems. Request Nos. 10 and 30(c) seek similar information through more indirect, although still relevant, types of documents.

■ Plaintiff's use of "boilerplate" language, while perhaps redundant, is not a *per se* basis for denying a motion to compel production of responsive and relevant documents. The issue is simply whether plaintiff has described the material sought with sufficient specificity. *See Speedrack Inc. v. Baybarz,* 45 F.R.D. 254, 257 (1968).

Plaintiff here has adequately described the subject matter of the documents it seeks.

■ That defendants have previously stated under oath that no responsive documents exist is not determinative. Even the magistrate granted the motion to compel as to Request No. 14, although defendants had stated under oath that no documents described by that request existed. Defendants may not have searched for documents with the same view of relevance taken by the Court.

The magistrate's ruling on Request Nos. 6, 10 and 30(c) must be reversed.

■ Request No. 26 was denied as being too broad. It seeks documents that pertain to considerations, studies, analyses, estimates, projections, or opinions about Seismograph, Raytheon, Geophysical or any other entity's participation in the market for the acquisition, processing or interpretation of seismic data. These documents are arguably relevant to plaintiff's claim of unfair competition. Plaintiff seeks to use these documents to show that defendants made the alleged misrepresentations for the purpose of acquiring Geophysical's technology and then using it for its own competitive advantage. Naturally, any such marketing studies would be likely to include entities other than plaintiff and defendants. As a result, the request is not too broad because it uses "boilerplate" phrases or because it refers to "any other entity." The magistrate's order must be reversed as to this request as well.

■ Request No. 28 was denied because the magistrate believed its relevance was highly speculative and it was essentially a fishing expedition into Seismograph's affairs. However, Geophysical contends that Seismograph was the alter ego of Raytheon. One of the factors courts examine in determining alter ego status is the degree of control one company exercises over another's affairs. *See, e.g., Edwin K. Williams & Co., Inc. v. Edwin K. Williams & Co.—East,* 542 F.2d 1053, 1063 (9th Cir.1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2973, 53 L.Ed.2d 1092 (1977). The

documents sought are directed at and relevant to those concerns.

■ Request No. 30(d) was denied because it sought customer lists. As the Court ruled on December 29, 1986, there is an insufficient showing that the protective order is inadequate to guard against misuse of the lists. Defendants cannot withhold the customer lists as a matter of right. However, the request seeks the names of potential as well as actual customers. Although the names of actual customers are relevant to the intentional or negligent misrepresentation claims or the unfair competition claim, the names of potential customers are irrelevant. As a result, the magistrate's ruling must be reversed in part, but only as to the request for names of actual customers for the acquisition, proccessing, or interpretation of 1024 channel or sign-bit seismic data.

■ Request No. 32 was denied because it was unduly broad. It seeks all documents pertaining to "SSC's capabilities and performance in the seismic data acquisition and the seismic data processing fields and any analysis or evaluation by Raytheon of such performance." The magistrate's ruling on this request must be upheld. The request goes far beyond the scope of this action by seeking documents regarding Seismograph's abilities in areas that are not at issue here.

B. *Sanctions*

■ The magistrate granted defendant Raytheon's request for costs in the amount of $1,250.00. Minute Order, Dec. 26, 1986. (The magistrate's response to this Court's order of recommittal misstates the amount as $1,200.00.) The rationale for the sanctions, although still not wholly clear, was that the stipulation illustrated "the overkill" plaintiff's counsel had engaged in at the client's expense. The amount of $1,250.00 was the magistrate's appraisal of the value of the excess work required of defendant in preparing the 44–page stipulation, which plaintiff filed without first seeking the magistrate's permission to exceed the 35–page limit, thus violating Local Rule 3.10.

Under Local Rule 27, the magistrate may in his discretion impose costs for a violation of the Local Rules. However, this award of costs appears to be an abuse of that discretion. First, it is not at all clear that the length of the Rule 7.15.2 "stipulation" is subject to the page limitation of Rule 3.10 which, on its face, appears to apply only to memoranda of points and authorities and briefs. More importantly, the extra work, if any, that defendants allegedly incurred bears no relationship to the violation of the page limitation of Local Rule 3.10. Without engaging in an elaborate analysis of the use of space in the stipulation, it appears that most of the space was devoted to blank lines, the document requests and responses, which had to be set out verbatim pursuant to Local Rule 7.15.2, and defendants' contentions, which plaintiff had no right to edit. Moreover, it is clear that the motion to compel was meritorious in substantial respects. The magistrate granted three of the requests and, on this motion for reconsideration, most of the remaining requests have been found to be meritorious.

IT IS ORDERED that the magistrate's rulings as to Document Request Nos. 6, 10, 26, 28 and 30(c) are reversed. The ruling as to Document Request No. 30(d) is reversed in part. All documents requested therein (and to the extent reversed in No. 30(d)) shall be produced within 10 days of the date of this order. The magistrate's ruling as to Document Request No. 32 is affirmed.

IT IS FURTHER ORDERED that the magistrate's award of costs of $1,250.00 to defendants is reversed. Because plaintiff has paid this amount to defendants, defendants shall return the $1,250.00 to plaintiff within three (3) days of the date of this order. Plaintiff's request for sanctions is DENIED. Plaintiff's request for a discovery conference is DENIED. All motions regarding discovery should be made in accordance with the Local Rules.