**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**KLOCKNER H & K MACHINES, INC., Defendant.**

No. 95–C–887.

United States District Court, E.D. Wisconsin.

July 17, 1996.

---

U.S. Equal Employment Opportunity Commission by Jeanette Goss, Milwaukee, WI, for Plaintiff.

Lindner & Marsack, S.C. by James R. Scott, Milwaukee, WI, for Defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On August 24, 1995, the plaintiff, the Equal Employment Opportunity Commission ["the EEOC"], filed a complaint against Klockner H & K Machines, Inc. ["Klockner"], alleging that it had engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Specifically, the EEOC charged that Klockner had constructively discharged Jeffrey A. Praxel for testifying in support of a female co-worker's sexual harassment allegations against the defendant.

Presently before the court is the EEOC's motion to compel discovery. The motion will be granted.

## I. BACKGROUND

On January 16, 1996, Klockner was served with the EEOC's "First Request for Production of Documents" which sought, among other things, the following documents relating to Klockner's financial status: (1) annual profit-and-loss statements issued since January 1, 1992; (2) annual reports to stockholders issued since January 1, 1992; (3) annual reports made to the Board of Directors since January 1, 1992; (4) financial status reports made to any of its parent corporations since January 1, 1992; and (5) federal income tax forms filed since January 1, 1992. (Plaintiff's First Request for Production of Documents, numbers 20–24.) In its response, the defendant objected "for the reasons that the request seeks information which is irrelevant, immaterial, and designed to harass." The plaintiffs advised the defendant, by letter of June 11, 1996, that the information pertaining to the defendant's financial worth was relevant to the plaintiff's punitive damages claim, and therefore, subject to discovery. Nevertheless, the defendant persisted in its refusal to produce the requested material.

## II. LAW AND ANALYSIS

Under Rule 37, Federal Rules of Civil Procedure, a party is permitted to file a motion to compel discovery where another party fails to respond to a discovery request or where the party's response is evasive or incomplete. *See* Rules 37(a)(2) and (3), Federal Rules of Civil Procedure. A motion to compel discovery pursuant to Rule 37(a), Federal Rules of Civil Procedure, is addressed to the sound discretion of the trial court. *Community Sav. and Loan Ass'n v. Federal Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D.Wis.1975). In exercising its discretion, the court must be mindful that parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . . ." Rule 26(b)(1), Federal Rules of Civil Procedure. Moreover, the test for relevance "in the discovery area is an extremely broad one." *AM Int'l Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D.Ill.1981). A request for discovery " 'should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.' " *Id.* (citing 8 Wright and Miller, *Federal Practice and Procedure* § 2008 (1970)). The burden is on the objecting party to show why a particular discovery request is improper. *Powerlock Systems, Inc. v. Duo–Lok, Inc.*, 54 F.R.D. 578, 579 (E.D.Wis.1972) (Gordon, J.); 8 Wright and Miller, *Federal Practice and Procedure*, § 2173 at 543–544 (1970).

In addition, under Local Rule 6.02, all motions for discovery and production of documents pursuant to Rules 26 and 37, Federal Rules of Civil Procedure,

> must be accompanied by a statement in writing by the movant that, after personal consultation with the opposing party and sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement shall also recite the date, time and place of such conference and the names of the parties participating therein.

Counsel for the plaintiff served and filed an affidavit in which she details her attempts to consult with counsel for the defendant in order to resolve the discovery issues surrounding the requested financial information. Her efforts included written correspondence and a telephone conversation between herself and counsel for the defendant. In my opinion, the plaintiff has complied with Local Rule 6.02.

As previously noted, the defendant objects to the plaintiff's document request on the ground that evidence regarding its financial status is irrelevant. The defendant acknowledges that, as a general rule, a defendant's financial status is relevant when a claim for punitive damages has been made. However, it maintains that that rule is inapplicable in the instant case because its liability for punitive damages is capped by statute under 42 U.S.C. § 1981a.

Klockner fails to cite any authority for the proposition that the general rule regarding the discoverability of the defendant's financial status where there is a claim for punitive damages is inapplicable in actions brought under the Civil Rights Act of 1991. More-

over, that statute specifically states that the jury must not be informed of the cap on punitive damages. 42 U.S.C. § 1981a(c)(2). Thus, I find that the defendant's financial status is relevant to the issue of punitive damages in the instant case.

█ The defendant's contention that the plaintiff needs to make a prima facie showing of entitlement to punitive damages in order to gain access to the defendant's financial information is not adequately supported by the case law. Further, this argument runs counter to the principle that discoverable information is governed by whether it is relevant, not by whether it would be admissible at trial. *See* Rule 26(b)(1), Federal Rules of Civil Procedure.

Accordingly, the plaintiff's motion to compel discovery will be granted. Klockner will be directed to produce the information requested in the plaintiff's First Request for the Production of Documents, numbers 20–24, no later than Wednesday, July 31, 1996.

█ Pursuant to Rule 37(a)(4), the losing party may be required to pay the other side's expenses. In my opinion, Klockner was not substantially justified in its insistence that it need not produce evidence of its financial status. No other circumstances appear which make an award of expenses unjust. Hence, the court will order Klockner to pay the reasonable attorney's fees and costs incurred by the EEOC in making its motion to compel discovery.

The EEOC will be directed to serve and file a statement of just costs and reasonable attorney's fees no later than Monday, August 5, 1996. Klockner may serve and file its objections, if any, no later than Wednesday, August 14, 1996.

### ORDER

Therefore, IT IS ORDERED that the plaintiff's "Motion to Compel Discovery" be and hereby is granted.

IT IS ALSO ORDERED that the defendant be and hereby is directed to serve and file, no later than Wednesday, July 31, 1996, the information requested in the plaintiff's First Request for the Production of Documents, numbers 20–24.

IT IS FURTHER ORDERED that the plaintiff be and hereby is directed to serve and file a statement of just costs and reasonable attorney's fees incurred in connection with its motion to compel discovery, no later than Monday, August 5, 1996. The defendant may serve and file its objections, if any, no later than Wednesday, August 14, 1996.