Robert G. WRIGHT, Jr.

v.

**FEDERAL BUREAU OF INVESTIGATION, et al.**

No. 205CV01223RGKJTL.

United States District Court, C.D. California.

Aug. 12, 2005.

KLAUSNER, District Judge.

**Proceedings: (IN CHAMBERS) PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE'S JUNE 10, 2005 RULING (DE 12)**

## I. *FACTUAL BACKGROUND*

Robert Wright ("Plaintiff") filed an action in the United States District Court, Northern District of Illinois. In the action, Plaintiff alleges that the Federal Bureau of Investigation ("FBI") and U.S. Department of Justice ("DOJ") violated his rights under the Privacy Act, 5 U.S.C. § 552a. Plaintiff's action is premised upon a claim that FBI Special Agent Royden Rice ("Agent Rice") disclosed information from Plaintiff's FBI personnel records to journalist James Crogan ("Crogan") without Plaintiff's consent.

Plaintiff served Crogan, who is not a party to this action, with a subpoena *duces tecum* requiring him to appear for a deposition and produce documents. Crogan objected to the deposition subpoena and request for documents based on a qualified First Amendment privilege that protects journalists against compelled disclosure of information gathered in the course of their work.

Plaintiff moved to compel, and on February 17, 2005, Plaintiff and Crogan submitted a Local Rule 37–2 Joint Stipulation and supporting documentation to the Court in which Plaintiff contends that Agent Rice disclosed the following information: (1) Plaintiff had been the subject of ten FBI internal affairs investigations, thus indicating that he had a poor record as an agent; (2) there were a number of agents in Plaintiff's squad who could provide adverse information about Plaintiff,

and Agent Rice would recommend Crogan be permitted to interview the agents; (3) Plaintiff was currently under investigation by the FBI; (4) Plaintiff maintains a side business and operates a website as part of that side business; and (5) the United States Attorney in Chicago, not the FBI, closed criminal and civil cases against terrorist suspect Mohammed Salah because Plaintiff had not produced sufficient evidence to support any charges.

Magistrate Judge Jennifer T. Lum denied Plaintiff's motion to compel. Judge Lum held that the information that formed the crux of Plaintiff's Privacy Act claim was already in the public domain, and thus was not crucial to establishing Plaintiff's claim. (Order at 6.) Furthermore, in balancing the policy considerations that favor upholding the journalist's privilege, Judge Lum found that Plaintiff did not meet his "burden in establishing the clear and actual relevance of the information sought to the claims." (Order at 7.)

Plaintiff now asks the Court to review Judge Lum's order. For the following reasons, Plaintiff's Motion is denied.

## II. *JUDICIAL STANDARD*

The district court's review of nondispositive decisions by a magistrate judge is limited to a determination of whether the decision is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## III. *DISCUSSION*

■ A qualified privilege exists for journalists to protect themselves against compelled disclosure of information gathered in the course of their work. *Shoen v. Shoen*, 5 F.3d 1289, 1292 n. 5 (9th Cir. 1993) ("*Schoen I* ").

Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the

newsgathering process, and in ensuring the free flow of information to the public, is an interest of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice.

*Schoen I,* 5 F.3d at 1292 (citation omitted).

■ In *Shoen v. Shoen* ("*Schoen II*"), the Ninth Circuit set forth the following test to determine whether the civil litigant's interest in disclosure overrode the journalist's qualified privilege. 48 F.3d 412, 416 (9th Cir.1995). The *Shoen II* court noted that the test makes disclosure the exception rather than the rule. *Id.* at 415. "Indeed, if the privilege does not prevail in all by the most exceptional cases [the privilege's] value will be substantially diminished." *Id.* (quoting *Zerilli v. Smith,* 656 F.2d 705, 712 (D.C.Cir.1981)). The civil litigant's interest overrides the journalist's privilege if the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case. The litigant must show actual relevance; a showing of potential relevance is not sufficient. *Id.* at 416.

In Plaintiff's Motion to Compel, Judge Lum found that Plaintiff satisfied the first two elements of the *Schoen II* test, but did not satisfy the third element. Judge Lum found that Plaintiff's lawsuit revolved around four factual assertions set forth in Plaintiff's deposition. Since the four assertions were already in the public domain, Judge Lum found that the evidence Plaintiff sought was not clearly relevant to an important issue in the case.

### A. *Judge Lum's Evaluation of Plaintiff's Four Specific Allegations is not Erroneous.*

Plaintiff asserts that Judge Lum erred in finding that Plaintiff's "suit revolved around only four factual assertions." (Or-

der at 5–6.) In a Supplemental Memorandum of Law ("Supplemental Memorandum") filed under Local Rule 37–2.3, Plaintiff argues that he clarified his Privacy Act claims. The Supplemental Memorandum asserts claims beyond those specified in his deposition and relied upon by Judge Lum. Thus, Plaintiff argues that Judge Lum's findings are clearly erroneous because Judge Lum did not evaluate Plaintiff's true factual contentions. Plaintiff contends that Agent Rice disclosed that Plaintiff was the subject of ten internal investigations, not merely the three investigations that Plaintiff discussed in his deposition.

Crogan argues that Judge Lum did not err in relying on Plaintiff's own sworn deposition testimony. Crogan further asserts that Plaintiff cannot rewrite his claims in a supplemental memorandum. The Court, Crogan asserts, should follow the Ninth Circuit's rule for motions for summary judgment that states that "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991). Crogan asserts that the *Kennedy* rule should guide judges when evaluating other motions. Thus, in light of *Kennedy,* Judge Lum properly relied upon Plaintiff's deposition testimony.

■ Judge Lum's evaluation of the four specific claims asserted in Plaintiff's deposition is not erroneous. The Supplemental Memorandum contends that Agent Rice disclosed to Crogan that Plaintiff was the subject of ten internal investigations. In an attempt to evaluate Plaintiffs' claims more specifically, Judge Lum elected to review the more specific claims set forth in the deposition testimony. Plaintiff has not provided sufficient legal authority to demonstrate that Judge Lum erred in evaluating the claims set forth in Plaintiff's deposition. Plaintiff failed to provide case law

supporting the proposition that Judge Lum should have focused on the claims outlined in Plaintiff's Supplemental Memorandum rather than the deposition testimony. Courts have held that "in reviewing discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused." *Litton Industries Inc. v. Lehman Bros. Kuhn Loeb, Inc.,* 125 F.R.D. 51 (S.D.N.Y.1989) (quoting *Citicorp v. Interbank Card Ass'n,* 478 F.Supp. 756, 765 (S.D.N.Y.1979)); *see also Geophysical Sys. Corp. v. Raytheon Co., Inc.,* 117 F.R.D. 646, 647 (C.D.Cal.1987) (abuse of discretion standard appropriate when reviewing discovery matter concerning issue of relevancy). Judge Lum is therefore afforded a broad discretion in evaluating Plaintiff's own sworn testimony. Thus, the Court finds that Plaintiff failed to provide sufficient support to find that Judge Lum's evaluation of Plaintiff's deposition is either clearly erroneous, or contrary to law.

**B.** *Judge Lum Correctly Held that Crogan's Testimony and Notes are Not "Clearly Relevant" as the Information is in the Public Domain.*

Plaintiff does not dispute that *Schoen II* governs whether Crogan's assertion of the qualified First Amendment privilege for journalists may survive. 48 F.3d 412. However, Plaintiff contends that Judge Lum improperly applied the third prong of the test—that the testimony must be clearly relevant to an important issue in the case. *Id.* Plaintiff argues that whether or not information is a matter of public domain is not a defense to a Privacy Act claim. Furthermore, Plaintiff argues that Crogan is the only source of direct evidence as to what Agent Rice said to Crogan during their 2003 telephone call. Thus, Plaintiff argues that the information Plaintiff seeks from Crogan is clearly relevant.

Crogan asserts that Judge Lum correctly held that Crogan's testimony and unpublished notes are not "clearly relevant" because Plaintiff had already placed the information in the public domain.

■■ The Court finds that Judge Lum did not err in finding that Plaintiff's claims were already in the public domain. Thus, Plaintiff's argument that the information is crucial to establishing his claim is not persuasive. To allege a Privacy Act violation, the plaintiff must first show that the agency disclosed information. *Barry v. United States Dep't of Justice,* 63 F.Supp.2d 25, 27 (D.D.C.1999). Courts have held that there is no disclosure under the Privacy Act when the information is already placed in the public record. *See e.g., id.* at 28; *Krowitz v. Dep't of Agric.,* 641 F.Supp. 1536, 1545 (W.D.Mich.1986) ("if the information disclosed is previously known, the disclosure does not violate the Privacy Act"); *Cox Broad. Corp. v. Cohn,* 420 U.S. 469, 497, 95 S.Ct. 1029, 43 L.Ed.2d 328 (1975) (television station could not be held liable for invasion of privacy for publishing the name of a rape victim whose identity had been revealed in a public record). Judge Lum evaluated each claim to find that Plaintiff himself revealed the information to the public through press conferences, his own website, and in a publicly filed lawsuit. (*See* Join Stipulation at 6–7.) Thus, Judge Lum did not err in finding that information from Agent Rice's was already in the public domain.

Judge Lum did not err in distinguishing *Quinn* and *Gowan* in finding that Agent Rice's conversation did not amount to a disclosure. Both cases are distinguishable as neither "involve[s] [a] situation where the complaining plaintiff was responsible for putting forth the information in the public domain." (Order at 6 n. 1.); *Quinn v. Stone,* 978 F.2d 126, 134–35 (3d Cir. 1992) (holding that the plaintiff's home ad-

dress published in a local telephone directory did not support a presumption that the public knew of the information); *Gowan v. U.S.*, 148 F.3d 1182 (10th Cir.1998) (holding that even though the information was a topic of conversation on a military base, the Air Force was liable for Privacy Act "disclosure"). Here, Plaintiff himself disseminated information to the press and public. Plaintiff issued press releases, held press conferences, and established a website discussing the information of which he now complains. (Order at 6 n. 1.) The public domain into which Plaintiff presented the information was far more reaching than a public phone directory or the confines of a military base. Furthermore, *Quinn* observed that several courts held that there is no violation under Section 552a if each individual member of the public is presumed to know the information at issue. *Id.* at 135. Thus, Judge Lum found that Agent Rice's conversation did not amount to a disclosure since the information was already available to the widespread public. Given these distinguishing factors, Judge Lum did not err in finding that Crogan did not witness a Privacy Act violation. Thus, Crogan's testimony is not relevant to the issue in this case. *Shoen II,* 48 F.3d at 416.

Judge Lum, in evaluating the policy considerations, was not erroneous in finding that Plaintiff failed show a necessity to overcome Crogan's constitutional protection. Thus, the privilege is not waived. Judge Lum's ruling is neither clearly erroneous nor contrary to the controlling law.

## IV. *CONCLUSION*

In light of the foregoing, Plaintiff's Motion to Review is **denied**.

**IT IS SO ORDERED.**