Danny R. **ALFORD, et al., Plaintiffs,**

v.

**NORTHEAST INSURANCE COMPANY, INC., Defendant.**

**No. PCA 82–0655.**

United States District Court, N.D. Florida.

April 30, 1984.

**100**

R.P. Warfield of Levin, Warfield, Middle-brooks, Mabie, Thomas, Mayes & Mitchell, Pensacola, Fla., for plaintiffs.

Kennan G. Dandar, Gary W. Sawyer, Tampa, Fla., for defendant.

## MEMORANDUM DECISION

ARNOW, Senior District Judge.

■ Before the court is defendant's amended motion for order compelling phys-

ical examination or the production of fingerprints (doc. 51). Plaintiff has responded and opposes such motion (doc. 52). Plaintiff contends the motion should be denied because his fingerprints are not relevant to the case, because the requested discovery is not of the sort contemplated by the Federal Rules of Civil Procedure and because the requested compulsion "would be invasive of the plaintiff's constitutional rights."

The plaintiff's fingerprints are relevant to this case. Defendant has raised, as an affirmative defense, the allegation that plaintiff intentionally burned the insured premises in order to collect under the policy. The affidavit of Deputy Fire Marshall McCardle states that he recovered incendiary devices on the premises from which clear fingerprints were lifted. If the plaintiff's fingerprints match those lifted, the affirmative defense will be strengthened. Conversely, if they do not match, the affirmative defense might be weakened and plaintiff's case strengthened as a result. The evidence sought is within the broad ambit of Federal Rules of Civil Procedure 26(b).

■ The court notes F.R.Civ.P. 1 and its provision that the remainder of the rules are to "be construed to secure the just, speedy and inexpensive determination of every action." By bringing this action on the insurance policy plaintiff waived certain privacy rights which a non-party might possess. Plaintiff could anticipate that reasonable discovery requests might be made under the rules so as to secure a just determination of the action. Plaintiff cannot now recoil from a reasonable discovery request and still expect this action to proceed to a possible judgment in his favor. Justice will not allow him to "have his cake and eat it too."

F.R.Civ.P. 34(a) provides in part that: Any party may serve on any other party a request . . . to inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the posses-

sion, custody or control of the party upon whom the request is served.

As noted above, the fingerprints sought are within the scope of Rule 26(b). "It is difficult to imagine any document or thing which could not be ordered produced under appropriate circumstances." 4A *Moore's Federal Practice*, § 34.09 (1983). As that treatise notes, even dead bodies can be ordered produced. *Id. citing Zalatuka v. Metropolitan Life Ins. Co.*, 108 F.2d 405 (7th Cir.1939).

Neither party has cited any case law in support of its respective position concerning Rule 34. This court is also unable to locate any published opinion respecting discovery of fingerprints under that rule.

The court concludes that the taking and furnishing of fingerprints is a matter within the contemplation of Rule 34 and that under the factual circumstances here presented the plaintiff should be required to furnish them under such rule.

■ Defendant placed heavy reliance upon F.R.Civ.P. 35 which allows physical examination where a party's "physical condition ... is in controversy" and good cause is shown. At first blush, a party's fingerprints would appear to be a physical characteristic rather than a physical condition. The rule expressly includes a party's "blood group" as a physical condition, however. The court concludes that fingerprints would be a physical condition under this broad definition. The court further finds that, unlike the situation presented in *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), good cause for such examination has been shown by defendant.

However, Rule 35 contemplates examination by a physician *In Re. John A. Mitchell*, 563 F.2d 143 (5th Cir.1977). So far as this court knows, the taking of fingerprints would not normally be within a physician's expertise nor would fingerprints normally be taken by a physician. The court concludes that, because of this requirement in the rule, this particular rule does not apply to fingerprints.

■ Plaintiff makes a vague argument that compelling production of his fingerprints would be unconstitutional. This argument is apparently based on his Fifth Amendment right against compulsory self-incrimination. It is a well-established principle that Fifth Amendment protection does not extend to one's fingerprints. That amendment only protects evidence which is of a testimonial nature; noncommunicative evidence is without its protection.

■ The act of taking fingerprints, in and of itself, is not violative of the Fourth Amendment prohibition against unreasonable searches and seizures. *U.S. v. Dionisio*, 410 U.S. 1, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973). Fingerprints are analogous to voice exemplars in that they are physical characteristics constantly exposed to the public. *Cupp v. Murphy*, 412 U.S. 291, 93 S.Ct. 2000, 36 L.Ed.2d 900 (1973). Hence, there is no reasonable expectation of privacy in one's fingerprints.

■ The court notes plaintiff's statement that no criminal charges are pending against him nor is there reason to suspect that such charges will be brought. Should such charges be brought, the admissibility vel non of evidence produced in the case at bar would be resolved in those criminal proceedings; this issue need not be addressed by this court.

That some possibility exists future criminal charges may be brought against plaintiff and, if such are brought, producing his fingerprints in this civil action might possibly affect him adversely in such criminal action provides no basis for denying defendant's motion. As previously stated, plaintiff chose to bring this civil action seeking damages, and the motion presents a reasonable discovery request.

Order in accordance with the foregoing will be entered.