**NALCO CHEMICAL COMPANY,**
**Plaintiff,**

v.

**HYDRO TECHNOLOGIES, INC., Daniel**
**H. Girmscheid and Thomas S.**
**Broge, Defendants.**

No. 92–C–0412.

United States District Court,
E.D. Wisconsin.

July 30, 1992.

Piette & Jacobson by Ronald L. Piette Herbach, Milwaukee, Wis., for plaintiff.

Quarles & Brady by John A. Rothstein, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On April 16, 1992, the plaintiff, Nalco Chemical Co., commenced this action against the defendants Hydro Technologies, Inc., Daniel Girmscheid, and Thomas Broge. Nalco Chemical is a Delaware corporation engaged in, among other things, the business of water treatment. Hydro Technologies, a Wisconsin corporation, is also engaged in the business of water treatment. Defendants Daniel Girmscheid and Thomas Broge are former employees of Nalco Chemical; they are presently employees of Hydro Technologies.

In its complaint, Nalco Chemical charged that defendants Girmscheid and Broge, induced by defendant Hydro Technologies, committed a breach of their respective employment agreements and misappropriated certain trade secrets from Nalco Chemical. Shortly after filing its complaint, Nalco Chemical filed, among other things, a motion for a preliminary injunction. On May 1, 1992, the court conducted a full-day hearing on Nalco Chemical's motion. By decision and order dated May 7, 1992, the court granted the motion in part, see 791 F.Supp. 1352 (E.D.Wis.1992). On May 18, 1992, the defendants filed a notice of appeal to the court of appeals for the seventh circuit. The appeal is pending.

On July 6, 1992, the defendants filed (in this court) a motion for the imposition of a surety bond and determination of the amount of the bond. The motion will be granted, and the amount of the bond will be set at $50,000.

### I.

Nalco Chemical is a "Fortune 500" company with 6,000 employees. Through one of its divisions, Nalco Chemical sells water treatment chemicals, products, and services for industrial plants, commercial office buildings, colleges and universities, and hospitals across the nation. Its customer base is developed, maintained and serviced by field sales employees. Defendant Hydro Technologies, which consists of eight employees, is owned and operated by Michael Griffin. Mr. Griffin is a former employee of Nalco Chemical. His company also sells water treatment products and services.

In 1991, defendants Broge and Girmscheid were sales employees of Nalco Chemical—working in southeastern Wisconsin. In December 1991, while still with Nalco Chemical, they met with Mr. Griffin of Hydro Technologies in order to discuss "employment opportunities." On February 6, 1992, and February 5, 1992, respectively, they voluntarily resigned from Nalco Chemical and took what they evidently perceived to be a more lucrative opportunity at Hydro Technologies.

Nevertheless, each had previously entered an "employment agreement" with Nalco Chemical when they commenced their employment: Mr. Broge on August 28, 1984, and Mr. Girmscheid on July 30, 1984. Under the terms of the two-page agreement, in the event one or both of them left Nalco Chemical's employ, he was prohibited from (1) disclosing the names of Nalco Chemical's customers (or other such information) and (2) engaging in a competing line of business in the same geographical area as he worked for Nalco Chemical for two years.

At the preliminary injunction hearing, Nalco Chemical demonstrated that when the defendants Broge and Girmscheid left Nalco Chemical for Hydro Technologies, so did approximately twenty-one former Nalco Chemical customers. There was also other significant evidence that the two had committed a breach of their respective employment agreements. The court ultimately determined that Nalco Chemical had satisfied the requirements of the preliminary injunction standard. Accordingly, it issued a preliminary injunction barring defendants Broge and Girmscheid from committing a breach of their respective employment agreements. The preliminary injunction notwithstanding, defendants Broge and Girmscheid presently remain free to develop their own customers in territories apart from those they worked on behalf of Nalco

Chemical. Their new employer, Hydro Technologies, was not enjoined in any way.

## II.

■ Rule 65(c), Federal Rules of Civil Procedure, states that "no ... preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." As it presently stands, this court has issued a preliminary injunction without calling upon Nalco Chemical to give any security; at no time during the preliminary injunction hearing did the defendants request that Nalco Chemical be obligated to post security in any amount. While the court of appeals has noted that the case law has "somewhat weakened" the otherwise mandatory force of Rule 65(c), I do not believe that this court can disregard the rule completely. *See Reinders Brothers, Inc. v. Rain Bird Eastern Sales Corp.*, 627 F.2d 44, 54 (7th Cir.1980) (citations omitted).

■ Notably, the defendants' motion was not filed until nearly two months after issuance of the injunction; this delay, in itself, militates against the imposition of a very large amount for the defendants' security. (For that reason, and others, Nalco Chemical urges that the motion be denied in its entirety.) The defendants' delay notwithstanding, however, they now call for the imposition of a surety bond in the amount of $150,000. That sum reflects their bold (if unsubstantiated) estimate of the collective financial loss that defendants Broge and Girmscheid will suffer during the next nine months as a result of the injunction. (The injunction is operative *only* against defendants Broge and Girmscheid; defendant Hydro Technologies was and is free to conduct its business operations as it had before the entry of the injunction—subject to potential liability for money damages.)

■ The record discloses that defendants Broge and Girmscheid receive no salary from Hydro Technologies; they receive a commission equal to 31 per cent of sales (which they share equally). However, by no means does the injunction put them out of business; to the contrary, it leaves them free to canvass much of the state to develop business for their new employer. Moreover, the court has little cause to question their initiative and sales ability. (At the hearing, they testified that they had collectively generated approximately $80,000 in sales for their new employer within two months of their arrival—most of those sales being derived from former Nalco Chemical customers.) In sum, they have not convincingly demonstrated that they face, during the nine months they anticipate will lapse before a ruling by the court of appeals, the prospect of incurring such substantial monetary loss as the $150,000 they claim.

For these reasons, as well as the continuing vitality of the evidence suggesting that Nalco Chemical is likely to prevail on the merits of the claims spawning the preliminary injunction, the court finds that a far more modest security would be proper. Accordingly, the court will order Nalco Chemical to post a surety bond in the amount of $50,000, which reflects an appropriate security, based on the record, for purposes of Rule 65(c), Federal Rules of Civil Procedure. In setting the security at $50,000, the court contemplates that the defendants' recovery, if any, in the event that the preliminary injunction is deemed by the court of appeals to have been wrongfully issued, will be no greater than that amount. *See Coyne–Delany Co. v. Capital Development Board*, 717 F.2d 385, 393–94 (7th Cir.1983); *see also* Rule 65.1, Federal Rules of Civil Procedure.

## ORDER

Therefore, IT IS ORDERED that the defendants' "motion for imposition of surety bond" be and hereby is granted.

IT IS ALSO ORDERED that Nalco Chemical be and hereby is directed to post with the clerk of court, no later than Au-

gust 10, 1992, a surety bond in the amount of $50,000.