NALCO CHEMICAL COMPANY

v.

HYDRO TECHNOLOGIES, INC.,
Daniel H. Girmscheid and
Thomas S. Broge.

No. 92–C–412.

United States District Court,
E.D. Wisconsin.

April 8, 1993.

---

Piette & Jacobson by Ronald L. Piette and William J. Richards, Milwaukee, WI, Nalco Chemical Corporate Counsel Stephen N. Landsman and J. Michael Newton, Naperville, IL, for plaintiff.

Quarles & Brady by John A. Rothstein, Milwaukee, WI, for defendants.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

On January 25, 1993, the court of appeals for the seventh circuit issued a decision reversing this court's May 7, 1992, decision and order which partially granted a preliminary injunction motion to the plaintiff, Nalco Chemical Company [Nalco]. *See Nalco Chemical Co. v. Hydro Technologies, Inc.*, 984 F.2d 801 (7th Cir.1993). Nalco timely petitioned the court of appeals for a rehearing with suggestion for rehearing *en banc.* The court of appeals denied that petition on March 18, 1993.

In accordance with the mandate of the court of appeals, and in harmony with my December 9, 1992, disposition of Nalco's partial summary judgment motion, the court will order the clerk of court to enter a partial judgment in this action. *See* Rules 54(b) and 58, Federal Rules of Civil Procedure. Additionally, the court will address the numerous motions that are presently pending before this court.

Those motions are: (1) the defendants' "Motion to Compel Production of Documents" [defendants' motion to compel]; (2)

Nalco's "Motion Pursuant to F.R.Civ.P. 60(b) for Relief from Court's Partial Denial of Motion for Preliminary Injunction" [Rule 60(b) motion]; (3) the defendants' "Emergency Motion for Leave to Withdraw Original Documents Filed in Court for Fingerprinting and Substitution of Copies" [fingerprint motion]; (4) Nalco's "Motion for Protective Order Pursuant to Rule 26(c)" [protective order motion of January 29, 1993]; (5) the defendants' "Rule 6.06 Motion Requesting Immediate Enforcement of Court of Appeals Mandate" [Rule 6.06 motion]; (6) the defendants' "Motion for Judgment on the Pleadings" with respect to the only surviving counterclaim of the three originally brought against Nalco by the defendants; and (7) Nalco's motion to compel discovery [Nalco's motion to compel].

In addition to the above seven motions, Nalco has filed another motion—a second "motion for a protective order" [protective order motion of February 5, 1993]—which is embedded in its February 5, 1993, response to the defendants' fingerprint motion. Specifically, included in its responsive brief in opposition to the defendants' fingerprint motion, Nalco asks the court to quash a separate discovery request of the defendants, brought pursuant to Rule 34, Federal Rules of Civil Procedure, for the production of fingerprint exemplars of nine Nalco employees. The defendants responded to this motion in their reply brief filed in support of their fingerprint motion.

Of the remaining motions, only the defendants' motion to compel and the fingerprint motion are fully briefed and ready for resolution. The Rule 60(b) motion and the protective order motion of January 11, 1993, are not fully briefed because, on February 20, 1993, this court stayed further briefing of those motions pending the final disposition of the matters before the court of appeals. The Rule 6.06 motion, the motion for judgment on the pleadings, and Nalco's motion to compel are not fully briefed; they were very recently filed.

Although not fully briefed, the defendants' motion for judgment on the pleadings and their Rule 6.06 motion will, nevertheless, be dismissed as moot. The court will also dismiss in part as moot and grant in part the defendants' motion to compel to the extent recited in this decision and order and will also grant the defendants' fingerprint motion to the extent recited in this decision and order. Additionally, the court will grant Nalco's protective order motion of February 5, 1993. Finally, the court will address scheduling matters including the establishment of a briefing schedule for the Rule 60(b) motion and the protective order motion of January 29, 1993, so as to facilitate the final disposition of those motions.

The court will not consider in this decision and order any matters pertaining to Nalco's motion to compel filed on March 31, 1993. The briefing of that motion should proceed in accordance with Local Rule 6.01(b).

## I. Background

This case commenced on April 16, 1992, when Nalco filed a complaint against Hydro Technologies, Inc. [Hydro], Daniel H. Girmscheid and Thomas S. Broge [collectively, the defendants] seeking both damages and injunctive relief. The general facts of the dispute between Nalco and the defendants have been described at length in other decisions involving this action and therefore will not be repeated here. *See Nalco Chemical Co. v. Hydro Technologies, Inc.*, 809 F.Supp. 672 (E.D.Wis.1992) (deciding summary judgment motion); *Nalco Chemical Co. v. Hydro Technologies, Inc.*, 795 F.Supp. 899 (E.D.Wis. 1992) (deciding motion for imposition of surety bond); *Nalco Chemical Co. v. Hydro Technologies, Inc.*, 791 F.Supp. 1352 (E.D.Wis.1992) (partially granting Nalco's motion for a preliminary injunction), *rev'd*, 984 F.2d 801 (7th Cir.1993). Nevertheless, a brief review of some of the events in this litigation is necessary to place the matters presently before the court in their proper context.

On May 7, 1992, I granted Nalco's preliminary injunction motion in part finding, among other things, that Nalco had a likelihood of success on the merits with respect to its breach of contract claims against Mr. Broge and Mr. Girmscheid based on their alleged violation of the covenant not to compete contained in their respective Nalco employment agreements (paragraph five of those agreements). I *did not* enjoin Mr. Broge or Mr.

Girmscheid on the basis of Nalco's claims that they violated the non-disclosure covenant in their respective Nalco employment agreements (paragraph three of those agreements) or that they, along with Hydro, violated the Uniform Trade Secrets Act, Wis.Stat. § 134.90 (1991–92), by disclosing to, and using on behalf of Hydro, trade secrets acquired from Nalco.

In the decision and order of May 7, 1992, in which I partially granted Nalco's motion for a preliminary injunction, I stated:

> Nalco Chemical did not make any effort to identify any "trade secrets" apart from its customer lists—which are not generally afforded such protection, *see Gary Van Zeeland Talent, Inc. v. Sandas*, 84 Wis.2d 202, 209, 267 N.W.2d 242 (1978). Nor did Nalco Chemical demonstrate that the general rule denying customer lists such protection was inapplicable in the present action. On the other hand, the defendants convincingly suggested that the Nalco Chemical's customers are not "secret" at all—they are well-known and readily available. *At all events, while Nalco Chemical has not presently substantiated its claim that there has been a misappropriation of any trade secrets, the court does not purport to rule conclusively on that question. Accordingly, for purposes of the present motion, the court finds that Nalco Chemical has abandoned what have been designated claims (2), (4), and (7).*

*Nalco*, 791 F.Supp. at 1354 (emphasis added).

On June 24, 1992, Nalco amended its original complaint that alleged seven claims—two claims each against Mr. Broge and Mr. Girmscheid and three claims against Hydro. Nalco's complaint, as amended, now consists of six claims against each defendant for a total of eighteen claims.

Nalco asserts the following claims against Mr. Broge: breach of contract [claim # 1]; violation of Wis.Stat. § 134.90 [claim # 2]; breach of fiduciary duty [claim # 3]; violation of Wis.Stat. § 134.01 [claim # 4]; intentional interference with Mr. Girmscheid's contract [claim # 5]; and intentional interference with customers' contracts [claim # 6]. Nalco asserts virtually the identical claims against Mr. Girmscheid. The claims are: breach of contract [claim # 7]; violation of Wis.Stat. § 134.90 [claim # 8]; breach of fiduciary duty [claim # 9]; violation of Wis. Stat. § 134.01 [claim # 10]; intentional interference with Mr. Broge's contract [claim # 11]; and intentional interference with customers' contracts [claim # 12].

Nalco also brings six claims against Hydro. They are: intentional interference with Mr. Girmscheid's contract [claim # 13]; intentional interference with Mr. Broge's contract [claim # 14]; intentional interference with customers' contracts [claim # 15]; conspiracy with Mr. Broge and Mr. Girmscheid in contravention of Wis.Stat. § 134.01 to assist them in violating their Nalco employment agreements [claim # 16]; conspiracy with Mr. Broge and Mr. Girmscheid in contravention of Wis.Stat. § 134.01 to injure Nalco's business [claim # 17]; and violation of Wis. Stat. § 134.90 [claim # 18].

Since my May 7, 1992, decision and order, events in this case have taken numerous turns—some routine, others that are, perhaps, worthy of a John LeCarré spy novel. On January 11, 1993, Nalco filed 565 original documents [the 565 documents] under a seal of confidentiality pursuant to Local Rule 7.11 along with its Rule 60(b) motion. In the supporting materials accompanying that motion, Nalco alleges that on January 4, 1993, John Stewart, its district manager for Nalco's Watergy Division G–14 headquartered in Waukesha, Wisconsin, returned home from work to find the 565 documents, now filed under seal, stuffed in his mailbox apparently by an anonymous source.

In its Rule 60(b) motion, Nalco states that it "moves the Court to review newly discovered evidence [the 565 documents] ... and to reconsider and now grant plaintiff's previous motion for a preliminary injunction against defendants based on defendants' violation of their confidentially agreement [paragraph three of the Nalco employment agreement] *and* the Wisconsin Uniform Trade Secrets Act [Wis.Stat. § 134.90]" (emphasis added). Nalco contends that the 565 documents, if authentic, "disprove the defendants [sic] affirmative and repeated pleadings and testimony that they did not possess, misappropri-

ate or use Nalco's trade secrets and trade information" in violation of the non-disclosure covenants in Mr. Broge's and Mr. Girmscheid's employment agreements with Nalco *and* in violation of the Uniform Trade Secrets Act, Wis.Stat. § 134.90. On the basis of Nalco's extraordinary windfall in obtaining the allegedly incriminating 565 documents at issue, it contends it is entitled to preliminary injunctive relief.

The defendants responded to Nalco's Rule 60(b) motion by filing its fingerprint motion to withdraw the 565 documents filed under seal and to substitute them with copies so that the originals could be examined for fingerprints. The defendants allege that the 565 documents were stolen from the truck of Michael Griffin, the president of Hydro, on or about November 7–9, 1992, and imply that Nalco personnel or their surrogates had something to do with the theft and therefore are guilty of "unclean hands"—presumably both figuratively and literally (via oily fingers).

On January 25, 1993, the court of appeals for the seventh circuit issued its decision reversing this court's May 7, 1992 partial granting of Nalco's preliminary injunction motion. *See Nalco,* 984 F.2d at 801. This court had grounded its preliminary injunction decision and order *solely* on its conclusion that Mr. Broge and Mr. Girmscheid had violated their covenants not to compete contained in the Nalco employment agreements they had signed (i.e. *only* paragraph five of those agreements). The court of appeals' decision, however, addressed not only the enforceability of the covenant not to compete clause [paragraph five] contained in the Nalco employment agreements but also examined the enforceability question with respect to the non-disclosure clause [paragraph three] in those agreements. The court of appeals concluded its decision with the following mandate:

> The district court decision is REVERSED, the preliminary injunction is VACATED, and the case is REMANDED for entry of judgment in favor of Girmscheid and Broge on *any issue regarding breach of paragraphs three [the non-disclosure covenant] and five [the noncompete covenant]*

*of the employment agreement.* We offer no opinion on any issues not raised in this appeal.

*Id.* at 806 (emphasis added).

Nalco timely petitioned the court of appeals for a rehearing with suggestion for rehearing *en banc.* On March 18, 1993, the court of appeals issued an order denying Nalco's petition for rehearing. However, the court of appeals ordered that the sentence, "We therefore conclude that the confidential customer information was not a trade secret pursuant to [Wis.Stat.] section 134.90," appearing on line 13, page 7 of the slip opinion, be replaced with the sentence, "We therefore conclude that under Wisconsin law and the plain language of the clause, paragraph three cannot be interpreted as a protection of trade secrets." *See Nalco,* 984 F.2d at 804. The appellate court issued its formal mandate to this court on March 29, 1993.

II. Entry of Judgment on Remand

■ Prior to the March 18, 1993, amendment (on rehearing) by the court of appeals of its January 25, 1993, decision, all of Nalco's claims in its amended complaint were arguably in jeopardy of having judgment entered in favor of the defendants. However, the court's final mandate, which includes the one significant modification made by the court of appeals in its March 18, 1993, order, convinces me that some of Nalco's claims survive. Furthermore, while Nalco's attempt to obtain further injunctive relief in its Rule 60(b) motion *based on the non-disclosure covenant [paragraph three] in the Nalco employment agreements entered into by Mr. Broge and Mr. Girmscheid* is no longer a viable basis for injunctive relief, Nalco's efforts in its Rule 60(b) motion to secure injunctive relief *based on Wis.Stat. § 134.90* may still be pursued.

I reach the above conclusions because the March 18, 1993, modification by the court of appeals of its January 25, 1993, opinion, has made it reasonably clear that, while Nalco cannot seek relief for alleged trade secret misappropriations by Mr. Broge and Mr. Girmscheid pursuant to paragraph three of its employment agreements with them, nothing precludes Nalco from continuing to seek such relief pursuant to Wis.Stat. § 134.90.

Consequently, I believe it is inappropriate to direct the clerk of court to enter judgment on Nalco's Wis.Stat. § 134.90 claims against Mr. Broge and Mr. Girmscheid [Claims # 2 and # 8]. In addition to these two claims, I also find that the breach of fiduciary duty claims [claims # 3 and # 9] and the Wis.Stat. § 134.01 conspiracy claims [claims # 4 and # 10] against Mr. Broge and Mr. Girmscheid survive in light of the action taken by the court of appeals.

■ I conclude, however, that the mandate of the court of appeals requires that judgment be entered in favor of Mr. Broge and Mr. Girmscheid on Nalco's claims of breach of contract [claims # 1 and # 7], intentional interference with Mr. Girmscheid's Nalco employment contract by Mr. Broge [claim # 5], intentional interference with Mr. Broge's Nalco employment contract by Mr. Girmscheid [claim # 11], and intentional interference with customers' contracts by Mr. Broge and Mr. Girmscheid [claims # 6 and # 12, respectively]. In my opinion, these claims are now barred as a result of the conclusion by the court of appeals that *both* paragraph three and paragraph five of the Nalco employment agreements signed by both Mr. Broge and Mr. Girmscheid are void and unenforceable. *See Nalco,* 984 F.2d at 804–06. Therefore, I will direct the clerk of court to enter judgment in favor of Mr. Broge and Mr. Girmscheid with respect to the above-listed claims.

■ I also find it expedient at this time to direct the clerk of court to enter judgment in favor of Hydro on the following claims brought by Nalco against Hydro: intentional interference with Mr. Girmscheid's contract [claim # 13]; intentional interference with Mr. Broge's contract [claim # 14]; intentional interference with customers' contracts [claim # 15]; and conspiracy with Mr. Broge and Mr. Girmscheid in contravention of Wis. Stat. § 134.01 to assist them in violating their Nalco employment agreements [claim # 16]. Although the court of appeals did not direct me to enter judgment with respect to any claims against Hydro, I believe that the above claims against Hydro cannot survive the doctrine of the law of the case.

The Supreme Court has described the law of the case doctrine as follows: " 'When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court.' " *See Chicago & N.W. Transp. Co. v. United States,* 574 F.2d 926, 929 (7th Cir.1978) (quoting *Insurance Group Comm. v. Denver & R. G. W. R. R.,* 329 U.S. 607, 612, 67 S.Ct. 583, 585, 91 L.Ed. 547 (1947)). Since the court of appeals has established that both paragraph three and paragraph five of the Nalco employment agreement are void and unenforceable, I find that the above-listed claims against Hydro cannot survive the ruling of the court of appeals.

On the other hand, I believe that Nalco's claim that Hydro conspired with Mr. Broge and Mr. Girmscheid in contravention of Wis. Stat. § 134.01 to injure Nalco's business [claim # 17], and its Wis.Stat. § 134.90 claim against Hydro [claim # 18], do not succumb pursuant to the action taken by the court of appeals. I reach this conclusion for the same reasons as those recited above explaining why I believe those same claims against Mr. Broge and Mr. Girmscheid may still be pressed.

### III. The Defendants' Motion for Judgment on the Pleadings

On May 27, 1992, the defendants amended their original answer to assert the following three counterclaims: (1) entitlement to a declaratory judgment pursuant to 28 U.S.C. § 2201 that paragraphs three and five of the Nalco employment agreement are void and unenforceable, (2) tortious interference with business relations, and (3) unfair competition under Wis.Stat. § 100.20 (1991–92). The defendants voluntarily withdrew their Wis.Stat. § 100.20 counterclaim in their second amended answer filed on July 20, 1992.

This court dismissed the defendants' tortious interference with business relations counterclaim on December 9, 1992. *See Nalco,* 809 F.Supp. at 679. However, the court did not direct the clerk of court to enter judgment on that counterclaim at that time. *Id.* Therefore, I will now direct the clerk of court to enter judgment in favor of Nalco on the defendants' counterclaim entitled tortious interference with business relations. That

leaves only the disposition of the defendants' counterclaim for a declaratory judgment.

■ On March 26, 1993, the defendants filed a motion for judgment on the pleadings with respect to its declaratory judgment counterclaim. In this counterclaim, the defendants seek a declaratory judgment that paragraphs three and five of the Nalco employment agreements signed by Mr. Broge and Mr. Girmscheid are void and unenforceable.

In my opinion, in light of the law of the case established by the court of appeals that both paragraphs three and five of the Nalco employment agreement are void and unenforceable, I conclude, in spite of the fact that Nalco has yet to file a response to the defendants' motion for judgment on the pleadings, that the defendants' motion is moot. Therefore, I will also direct the clerk of court to enter judgment dismissing, with prejudice, but without costs to Nalco, the defendants' declaratory judgment counterclaim because the entry of such a declaratory judgment would be superfluous given the mandate of the court of appeals. *See Reeber v. Rossell,* 91 F.Supp. 108, 113 (S.D.N.Y.1950) (noting that where a party prevails on appeal, its declaratory judgment action in the district court becomes moot and should be dismissed).

### IV. The Defendants' Rule 6.06 Motion

The defendants have brought a motion pursuant to Local Rule 6.06 of the Eastern District of Wisconsin. However, Local Rule 6.06 to which the defendants refer is actually now Local Rule 6.07. *See* Civil Justice Expense and Delay Reduction Plan Adopted Pursuant to the Civil Justice Reform Act of 1990, at 8 (December 23, 1991). Local Rule 6.07 concerns non-dispositive motion practice.

In their motion, the defendants request immediate enforcement of the mandate issued to this court by the court of appeals. Specifically, the defendants request "that as soon as this Court receives the mandate of the Court of Appeals, that it enter an appropriate order immediately enforcing the same by vacating the May 7, 1992 injunction."

The court will dismiss this motion as moot in light of the instant decision and order in which I will direct the clerk of court to enter judgment in accordance with the January 25, 1993, decision of the court of appeals. In addition, it is unnecessary for this court to enter an order vacating this court's May 7, 1992, preliminary injunction; this court need not vacate the May 7, 1992, injunction because the court of appeals has already done so. *See* JUDGMENT [of court of appeals]— WITH ORAL ARGUMENT, dated January 25, 1993 (docketed in district court on March 29, 1993) ("**IT IS ORDERED AND ADJUDGED** by this court [the court of appeals] that the judgment of the District Court is **REVERSED,** the preliminary injunction is **VACATED,** and the case is **REMANDED** for entry of judgment in favor of Girmscheid and Broge on any issue regarding breach of paragraphs three and five of the employment agreement ..."); *see also, Nalco,* 984 F.2d at 806 ("the preliminary injunction is VACATED").

### V. The Defendants' Motion to Compel

On January 8, 1993, the defendants filed a motion to compel discovery pursuant to Rule 37(a)(2), Federal Rules of Civil Procedure. In their motion, the defendants also request the court, pursuant to Rule 37(a)(4), Federal Rules of Civil Procedure, to award them attorneys' fees and costs of bringing the motion. The defendants accompanied their motion with the required certification that attempts were made to resolve the discovery dispute without the involvement of the court. *See* Local Rule 6.02.

■ As a preliminary matter, I note that the defendants' motion to compel was fully briefed on February 5, 1993, yet on March 8, 1993, the defendants filed a document captioned "Supplemental Brief in Support of Motion to Compel Production of Documents." Nalco responded to that brief by filing an additional brief of their own on March 23, 1993, and requested that the defendants' supplemental brief be stricken. In the alternative, Nalco asks that their supplemental brief be considered by the court as well in deciding the pending motion to compel.

The local rules of this court do not provide for the filing of supplemental briefs. *See* Local Rule 6.01. The defendants have nei-

ther sought leave of the court to file their supplemental brief nor pointed to any authority allowing them to do so. Therefore, the court will disregard the defendants supplemental brief as well as Nalco's response in deciding the defendants' motion to compel.

In their motion to compel the defendants seek discovery from Nalco in four general categories as requested in the defendants' document production requests, pursuant to Rule 34, Federal Rules of Civil Procedure, dated May 4, 1992, and November 19, 1992. The categories of discovery are: (1) business plans and marketing studies made by Nalco; (2) Nalco's reports on its normal annual sales turnover of customers, (3) Nalco's records of its salesman turnover; and (4) Nalco's "sales information and other materials that is has collected on its competitors [sic] prices and products." However, the defendants' motion to compel discovery with respect to the first three categories of material listed above is now moot in light of the January 25, 1993, decision of the court of appeals. In their reply brief filed on February 5, 1993, the defendants specifically acknowledge this fact with respect to categories (1) and (3) above and have withdrawn their motion in regards to those categories of material. *See* Reply Brief at 9.

■ The defendants have not formally withdrawn their motion to compel discovery of category (2) materials but their motion is moot with respect to that set of information as well. In their principal brief the defendants state that they need Nalco's reports on its normal annual attrition in its customer base "as long as Nalco intends to continue its claim for lost profits on the two purported covenants not to compete" (the defendants apparently mean the paragraph three covenant—the non-disclosure clause and the paragraph five covenant—the covenant not to compete clause). The defendants contend that such information would assist them in arguing for a reduction in damages. However, because the court of appeals' ruling has totally extinguished Nalco's ability to pursue damages based on alleged violations of either paragraph three or five, the defendants' need to discover category (2) material is now un-

necessary, and hence their motion to compel discovery of these materials is now moot.

■ The defendants' motion to compel discovery of Nalco's "sales information and other materials that it has collected on its competitors [sic] prices and products" [competitor information] is a different kettle of fish because Nalco's Wis.Stat. § 134.90 claims [claims # 2, # 8 and # 18] against the defendants have survived the action taken by the court of appeals.

■ A motion to compel discovery is addressed to the discretion of the trial court. *Community Sav. and Loan Ass'n v. Federal Home Loan Bank Bd.*, 68 F.R.D. 378, 381 (E.D.Wis.1975). In ruling on motions to compel discovery, "courts have consistently adopted a liberal interpretation of the discovery rules." *Id.*

Under Rule 26(b)(1), Federal Rules of Civil Procedure, "Parties may obtain discovery regarding any matter, not privileged, which is *relevant* to the subject matter involved in the pending action, whether it relates to the claim or *defense of the party seeking discovery,* or to the claim or defense of any other party ..." The test for relevance "in the discovery area is an extremely broad one." *AM Int'l, Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D.Ill.1981). A request for discovery " 'should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action.' " *Id.* (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2008 (1970)) (emphasis added).

The above broad discovery rule applies as well to document production discovery requests under Rule 34, Federal Rules of Civil Procedure. *See, e.g., Pioneer Hi–Bred Int'l Inc. v. Holden's Foundation Seeds, Inc.*, 105 F.R.D. 76, 82 (N.D.Ind.1985) ("The party seeking production of the documents must establish that they are relevant and that he has a specific need for them to prepare for trial."). It is unnecessary for the party seeking discovery to establish the trial admissibility of documents requested during discovery—relevancy is the test. *See United States v. Watchmakers of Switzerland Info. Center, Inc.*, 27 F.R.D. 513, 515 (S.D.N.Y.

1961). Furthermore, it is "well settled that to be discoverable documents need only be relevant to the *subject matter* involved in the pending litigation and not the issues raised by the pleadings." *In re Folding Carton Antitrust Litigation,* 76 F.R.D. 420, 425–26 (N.D.Ill.1977). Finally, the tests of relevancy for documents "sought by a motion to produce under Rule 34 are considerably less stringent than the general relevancy requirements which govern admissibility of evidence at the trial state of proceedings." *Jensen v. Boston Ins. Co.,* 20 F.R.D. 619, 622 (N.D.Cal. 1957).

The defendants primarily contend that the competitor information it wishes to discover allegedly in Nalco's control is critical to their ability to demonstrate "that none of the information that the Defendants allegedly possesses [sic] is [a Nalco trade] secret." Additionally, they argue that a particular item of competitor information in Nalco's possession—a Mogul price book allegedly stolen by a Nalco employee from an employee of Nalco's competitor, Mogul—is relevant to the defendants' equitable defense of unclean hands to Nalco's pending Rule 60(b) motion seeking an injunction grounded largely on the theory that the 565 documents filed under seal with the court will demonstrate misappropriation of trade secrets by the defendants. The defendants further argue that the 565 documents filed under seal were stolen from Hydro, perhaps by Nalco employees or their surrogates, in a similar manner to the alleged theft by a Nalco employee of the Mogul price book, and that the Mogul price book would provide circumstantial evidence of such a theft and thus be probative evidence in support of their defense of unclean hands. Nalco counters, that any information that it retains on its competitors, whether trade secrets or not, is totally irrelevant to the question of whether the defendants in this action have misappropriated trades secrets from Nalco.

Under Wisconsin law, the proper test for determining what is a trade secret—the issue at stake in determining whether the defendants' motion to compel competitor information held by Nalco is relevant—is found in Wis.Stat. § 134.90. *Minuteman, Inc. v. L.D.*

*Alexander,* 147 Wis.2d 842, 844, 434 N.W.2d 773 (1989). However, the six elements of the Restatement of Torts definition of trade secret, used prior to the enactment of the Uniform Trade Secrets Act in Wisconsin in 1986, may also be used to provide guidance in determining whether something is a trade secret. *Id.*

> By statute, "trade secret" is defined as: information, including a formula, pattern, compilation, program, device, method, technique or process to which all of the following apply:
>
> 1. The information derives independent economic value, actual or potential, *from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.*
> 2. The information is the subject of efforts to maintain its secrecy that are reasonable under the circumstances.

Wis.Stat. § 134.90 (1991–92) (emphasis added). Under the Restatement of Torts § 757, comment b (1939) trade secret definition, the first of the six factors that is considered in deciding if something is a trade secret is the extent to which the alleged protected trade secret is known outside of the business of the party asserting trade secret status. *See Corroon & Black–Rutters & Roberts, Inc., v. Hosch,* 109 Wis.2d 290, 295, 325 N.W.2d 883 (1982); *B.C. Ziegler & Co. v. Ehren,* 141 Wis.2d 19, 25, 414 N.W.2d 48 (Ct.App.1987).

In my opinion, under both Wis.Stat. § 134.90 and the first factor of the Restatement test, evidence of the types of competitor information in Nalco's control is relevant to the critical issue of deciding whether the defendants possess Nalco trade secrets—a factor in deciding the larger question of whether the defendants misappropriated Nalco trade secrets. If Nalco possesses information on its competitors, "generally known" in the water treatment industry and obtained by "proper means," and that information is similar to such competitor information properly acquired by the defendants about Nalco, then such competitor information retained by Nalco would be probative circumstantial evidence useful to the defendants at trial. The defendants could attempt

to show that the competitor information they possess about Nalco is not a trade secret since it consists of the same type of information that *is* "readily ascertainable by proper means" and *is* "generally known outside of the business" of the original holder of the information.

Additionally, I find the production of the Mogul price book, in particular, to be relevant for the added reason that its production may lead to circumstantial evidence helpful to the defendants' equitable defense of unclean hands. *See* Rule 26(b)(1), Federal Rules of Civil Procedure ("Parties may obtain discovery regarding any matter ... which is relevant to the subject matter involved in the pending action, whether it relates to the claim or *defense of the party seeking discovery* ...") (emphasis added). Therefore, the defendants' motion to compel will be dismissed in part as moot and will be granted in part to the extent that Nalco will be ordered to produce, no later than May 1, 1993, competitor information consisting of "sales information and other materials that it has collected on its competitors [sic] prices and products," including the Mogul price book, in compliance with the defendants' document production request dated May 4, 1992, brought pursuant to Rule 34, Federal Rules of Civil Procedure.

█ Pursuant to Rule 37(a)(4), Federal Rules of Civil Procedure, the defendants seek their costs and attorneys' fees related to bringing their motion to compel. However, under that rule, such expenses need not be awarded where "circumstances make an award of expenses unjust." In light of the fact the defendants' motion to compel will be dismissed in part as moot and granted in part I will order the parties to bear their own costs and attorneys' fees related to the defendants' motion to compel. *See* Rule 37(a)(4), Federal Rules of Civil Procedure ("If the motion [to compel] is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.").

## VI. The Defendants' Fingerprint Motion

█ The defendants' have filed a motion requesting leave to substitute, with copies, the 565 original documents filed by Nalco under seal on January 11, 1993, and leave to examine those documents for fingerprints. The defendants argue that such action is required to enable them properly and completely to respond to Nalco's pending Rule 60(b) motion. Specifically, the defendants contend that a demonstration through fingerprint evidence that Nalco was somehow involved in the alleged foul play leading to the alleged theft of the 565 documents from Mr. Griffin would be a possible basis for this court to deny the equitable remedy Nalco is presently seeking pursuant to its pending Rule 60(b) motion for injunctive relief. Nalco contends that this court should deny the defendants' motion because any alleged theft of the 565 documents taken from Mr. Griffin, president of Hydro, has "no bearing on the relevant issue in this case—the defendants' misappropriation of trade secrets."

█ The doctrine of unclean hands is an equitable defense to a claim seeking an equitable remedy such as the injunctive relief that Nalco asks for in its complaint and in its pending Rule 60(b) motion. *See generally* Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2946 (1973 & Supp.1992). Fingerprint evidence linking Nalco to the alleged theft from Hydro of the 565 documents at issue in the present motion would be relevant to a defense of unclean hands. Therefore, the defendants' motion to substitute the 565 documents with copies and examine them for fingerprints will be granted.

Nalco has raised numerous concerns over the logistics of implementing the fingerprinting process. Their concerns include whether the technique to examine the documents for fingerprints will be destructive, whether they may have their own expert present during the examination and how the documents will be handled while in the possession of the defendants.

The following procedure will be used. The defendants shall initiate a meeting with Nalco to arrange the appointment of a *mutually agreeable* third party to oversee the logistics

of carrying out the substitution and examination of the 565 documents for fingerprints. The third party will be responsible for resolving all disputes between the parties including, but not limited to, how the testing will be done, who will conduct the testing, where the testing will take place, whether the testing will be destructive, how many and which documents will be tested, who will retain custody of the original documents both before and after testing, whether each side may have an expert present to observe the testing, etc. The defendants will be ordered to notify the court, in writing, no later than April 23, 1993, of the name of the mutually agreed upon third party to oversee the implementation of the substitution and examination of the 565 documents for fingerprints now filed under seal with the court. If such a third party cannot be agreed upon by the parties, that information should also be conveyed to the court, in writing, no later than April 23, 1992.

If the parties fail to agree mutually on a third party to oversee the implementation of the substitution and examination of the 565 documents for fingerprints, the court, pursuant to its general equity powers (and not pursuant to Rule 53, Federal Rules of Civil Procedure) will appoint a special master to oversee this matter in accord with this decision and order. If the court is required to appoint a special master, each side will bear half of the fees and expenses of the special master, whose fee will be allowed at $150.00 per hour. Furthermore, neither party will be permitted to tax costs for such fees and expenses regardless of which party prevails in the action.

### VII. Nalco's Protective Order Motion of February 5, 1993

In its responsive brief opposing the defendants' fingerprint motion, Nalco included a motion for a protective order. Nalco seeks a protective order, pursuant to Rule 26(c)(1), Federal Rules of Civil Procedure, to quash the defendants' request, pursuant to Rule 34, Federal Rules of Civil Procedure, for the production of fingerprint exemplars of nine Nalco employees.

Nalco makes several arguments as to why it should not be compelled to comply with the defendants request for fingerprint exemplars. These arguments are: (1) Rule 34 does not require the recipient to produce documents that are not already in existence; (2) Nalco cannot produce documents it cannot control and (3) the Rule 34 request for fingerprint exemplars is contrary to the Fourth Amendment and Rule 35, Federal Rules of Civil Procedure.

*Alford v. Northeast Ins. Co., Inc.*, 102 F.R.D. 99 (N.D.Fla1984), addresses and rejects virtually all of the above arguments raised by Nalco in a case with a similar request by a defendant for fingerprint exemplars from the plaintiff. However, *Alford* is distinguishable from the facts of the case at bar in one very significant way.

*Alford* involved a request by a defendant for fingerprint exemplars of the plaintiff who was an *individual,* and obviously a *party,* bringing a suit on an insurance claim arising from a fire. The court concluded that the plaintiff was obligated to comply with the production request for fingerprint exemplars because "[b]y bringing th[e] action on the insurance policy [the] plaintiff waived certain privacy rights which a *non-party* might possess." *Alford,* 102 F.R.D. at 100 (emphasis added). The difference in the case at bar is that Nalco, the plaintiff, is a *corporation,* and the defendants have requested fingerprint exemplars of Nalco employees who are *non-parties* to the present lawsuit.

As Nalco correctly argues, under Rule 34, "only parties may be served with requests for production" and "a request for production simply cannot be made and enforced against a non-party." *See Henderson v. Zurn Indus., Inc.*, 131 F.R.D. 560, 564–65 (S.D.Ind. 1990). *See also Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (9th Cir.1985) ("Rule 34 may not be used to discover matters from a non-party."), *cert. denied,* 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985); *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir.1975) (Rule 34 applies only to parties); *Wimes v. Eaton Corp.*, 573 F.Supp. 331, 333 (E.D.Wis.1983) (noting that the drafters of Rule 34 "deliberate[ly] . . . limited the applicability of the rule to parties only").

The defendants' Rule 34 request to Nalco for fingerprint exemplars from nine Nalco employees appears to be a request to Nalco, a party, to "inspect and copy, test, or sample any tangible things which constitute or contain matters within the scope of Rule 26(b) and which are in the possession, custody or control of the party upon whom the request is served." *See* Rule 34(a)(1), Federal Rules of Civil Procedure.

Nalco correctly argues that the fingerprints of its employees are not in Nalco's "possession, custody or control," and therefore the request for the fingerprint exemplars of nine Nalco employees amounts to a Rule 34 request to non-parties to this action. Production of documents from non-parties for discovery purposes can only be compelled by a subpoena duces tecum issued under Rule 45, Federal Rules of Civil Procedure. *See United States v. Allen,* 578 F.Supp. 468, 472 (W.D.Wis.1982). Therefore, Nalco's protective order motion of February 5, 1993, will be granted, and the defendants' Rule 34 request for the production of fingerprint exemplars will be quashed.

Two final points. First, granting Nalco's motion for a protective order to prevent the defendants from obtaining fingerprint exemplars *from Nalco* does not necessarily render my ruling on the defendants' fingerprint motion meaningless because there may be other avenues by which the defendants can obtain the desired exemplars (e.g. military records of the Nalco employees, via Rule 45, Federal Rules of Civil Procedure, etc.). Second, each party will bear his or its own costs and attorneys' fees of Nalco's motion for a protective order because this motion was not raised as a separate motion but was incorporated into the fingerprint motion already pending before the court. *See* Rule 26(c)(1), Federal Rules of Civil Procedure ("The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the [protective order] motion.") and Rule 37(a)(4), Federal Rules of Civil Procedure (court need not award costs and attorneys' fees where "other circumstances make an award of expenses unjust").

## VIII. Scheduling

On February 20, 1993, this court stayed further briefing of pending motions until the final disposition of the matters before the court of appeals. Consequently, Nalco's Rule 60(b) motion and its protective order motion of January 29, 1993, are only partially briefed. The defendants will be directed to serve and file a response to Nalco's protective order motion of January 29, 1993, no later than Friday, April 23, 1993. Nalco will be directed to serve and file its reply brief, if any, no later than Friday, May 7, 1993.

In light of my decision to grant the defendants' fingerprint motion to the extent recited in this decision and order, the defendants will be directed to serve and file their responsive brief to Nalco's Rule 60(b) motion no later than Friday, May 14, 1993. Nalco will be directed to serve and file its reply brief, if any, no later than Friday, May 28, 1993. This briefing schedule may enable the defendants, as well as Nalco, if desired, to incorporate the results of the fingerprint testing into the Rule 60(b) motion briefs yet to be filed.

I will also vacate my scheduling order of September 29, 1992, setting a witness list deadline of April 1, 1993, and a discovery deadline of May 15, 1993. Therefore, amended witness lists will be due July 15, 1993 and the new discovery deadline will be September 1, 1993.

The jury trial of this action will be scheduled for Monday, September 20, 1993 at 10:00 a.m. A pretrial conference will be held on Tuesday, September 7, 1993 at 9:00 a.m. Both the pretrial conference and the trial will be held in Courtroom 225 of the Federal Building, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.

Finally, the parties are directed to meet and jointly prepare and submit a pretrial report in accordance with Local Rule 7.06. I request that counsel for Nalco arrange the meeting. The joint pretrial report shall consist of all items specified in Local Rule 7.06 and the following additional materials: a joint statement of the uncontested facts, a joint statement of the contested facts, admissions of fact and stipulations to avoid unnec-

essary proof, and stipulations to the authenticity of exhibits. If an agreement between the parties cannot be reached to file a joint pretrial report then each party should serve and file a separate report including all items specified above. The joint pretrial report or individual reports should be served and filed no later than September 10, 1993.

## ORDER

Therefore, IT IS ORDERED that the clerk of court be and hereby is directed, pursuant to Rules 54(b) and Rule 58, Federal Rules of Civil Procedure, to enter judgment dismissing, with prejudice, and with costs to the defendants, Nalco's breach of contract claims against Mr. Broge and Mr. Girmscheid [claims # 1 and # 7], Nalco's claim of intentional interference with Mr. Girmscheid's Nalco employment contract by Mr. Broge [claim # 5], Nalco's claim of intentional interference with Mr. Broge's Nalco employment contract by Mr. Girmscheid [claim # 11], Nalco's claims of intentional interference with customers' contracts by Mr. Broge and Mr. Girmscheid [claims # 6 and # 12, respectively], Nalco's claim of intentional interference with Mr. Girmscheid's contract by Hydro [claim # 13]; Nalco's claim of intentional interference with Mr. Broge's contract by Hydro [claim # 14]; Nalco's claim of intentional interference with customers' contracts by Hydro [claim # 15] and Nalco's claim that Hydro conspired with Mr. Broge and Mr. Girmscheid in contravention of Wis. Stat. § 134.01 to assist them in violating their Nalco employment agreements [claim # 16].

IT IS ALSO ORDERED that the clerk of court be and hereby is directed, pursuant to Rules 54(b) and Rule 58, Federal Rules of Civil Procedure, to enter judgment dismissing, with prejudice, and with costs to Nalco, the defendants' counterclaim entitled tortious interference with business relations.

IT IS FURTHER ORDERED that the defendants' motion for judgment on the pleadings be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed, pursuant to Rules 54(b) and Rule 58, Federal Rules of Civil Procedure, to enter judgment, dismissing, with prejudice, without costs to Nalco, the defendants' counterclaim for a declaratory judgment.

IT IS FURTHER ORDERED that the defendants' Rule 6.06 motion be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the defendants' motion to compel be and hereby is dismissed in part as moot and granted in part to the extent recited in this decision and order.

IT IS FURTHER ORDERED that Nalco be and hereby is directed to produce, no later than May 1, 1993, competitor information consisting of "sales information and other materials that it has collected on its competitors [sic] prices and products," including the Mogul price book, in compliance with the defendants' document production request dated May 4, 1992, brought pursuant to Rule 34, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that, pursuant to Rule 37(a)(4), Federal Rules of Civil Procedure, the parties will bear their own costs and attorneys' fees in connection with the defendants' motion to compel.

IT IS FURTHER ORDERED that the defendants' fingerprint motion be and hereby is granted to the extent recited in this decision and order.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to notify the court, in writing, no later than April 23, 1993, of the name of the third party mutually agreed upon between the defendants and Nalco to oversee the implementation of the substitution and examination of the 565 documents for fingerprints which are filed under seal with this court or advise the court that no third party was agreed upon.

IT IS FURTHER ORDERED that Nalco's protective order motion of February 5, 1993, be and hereby is granted and the defendants' document request, pursuant to Rule 34, Federal Rules of Civil Procedure, for the production of fingerprint exemplars, be and hereby is quashed.

IT IS FURTHER ORDERED that, pursuant to Rule 37(a)(4), Federal Rules of Civil

Procedure, the parties will bear their own costs and attorneys' fees in connection with Nalco's protective order motion of February 5, 1993.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to serve and file their responsive brief to Nalco's protective order motion of January 29, 1993, no later than Friday April 23, 1993.

IT IS FURTHER ORDERED that Nalco be and hereby is directed to serve and file its reply brief, if any, to the defendants' response brief to Nalco's protective order motion of January 29, 1993, no later than Friday May 7, 1993.

IT IS FURTHER ORDERED that the defendants be and hereby are directed to serve and file their responsive brief to Nalco's Rule 60(b) motion no later than Friday May 14, 1993.

IT IS FURTHER ORDERED that Nalco be and hereby is directed to serve and file its reply brief, if any, to the defendants' response brief to Nalco's Rule 60(b) motion no later than Friday May 28, 1993.

IT IS FURTHER ORDERED that the scheduling order of September 29, 1992, be and hereby is vacated.

IT IS FURTHER ORDERED that in preparation for the disposition of this case, counsel for the parties shall file amended witness lists disclosing to other counsel in the case by July 15, 1993, the names of all witnesses whom counsel expect to call at trial and shall complete discovery in this case by September 1, 1993.

IT IS FURTHER ORDERED that a pretrial conference is scheduled for Tuesday September 7, 1993 at 9:00 a.m.

IT IS FURTHER ORDERED that trial is scheduled to commence on Monday September 20, 1993 at 10:00 a.m.

IT IS FURTHER ORDERED that pretrial reports be served and filed, no later than September 10, 1993, in accordance with Local Rule 7.06 and the instructions recited in this decision and order.