Robert **HARRIS** and Linda **Harris, Plaintiffs,**

v.

**ATHOL–ROYALSTON REGIONAL SCHOOL DISTRICT COMMITTEE, Penelope Kleinhans, Individually and In Her Capacity As Superintendent of Schools and Steven Buxton, Paul Guimond and Carla Rabinowitz, Individually and In Their Capacities As Members of the Athol–Royalston Regional School District Committee, Defendants.**

No. Civ.A.99–40164–NMG.

United States District Court,
D. Massachusetts.

April 20, 2001.

Jack J. Canzoneri, Newton, MA, Vida K. Berkowitz, McDonald & Associates, West Newton, MA, for plaintiffs.

John Foskett, Deutsch, Williams, Brooks, DeRensis, Holland & Drachman, Boston, MA, Peter Berry, Deputy Gen., Anthony Dimperio, Deutsch Williams Brooks, DeRensis Holland & Drachman, P.C., Boston, MA, for Athol–Royalston Regional School District Committee, Steven Buxton, Paul Guimond, and Carla Rabinowitz, defendants.

John Foskett, Peter Berry, Deputy Gen., Anthony Dimperio, Bruce G. Von Rosenvinge, O'Brien & Von Rosenvinge, Wellesley, MA, Francis S. McGurrin, O'Brien & Von Rosenvinge, Wellesley, MA, for Penelope Kleinhans.

### ORDER

SWARTWOOD, United States Magistrate Judge.

#### Nature of the Proceeding

By Order of Reference dated February 28, 2001, Plaintiffs' Motion For Order To Provide Handwriting Exemplars (Docket No. 32) has been referred to me for disposition.

#### Nature of the Case

This is essentially a civil rights action in which Plaintiffs allege that Defendants, their agents and employees, have engaged in continuing retaliation against them for their commencement of a prior lawsuit, subsequently settled against the Athol–Royalston Regional School District ("School District"). The alleged retaliation included threats, intimidation, coercion and release of privileged information intended to chill the Plaintiffs further exercise of their First Amendment Rights.

#### Relevant Facts

Plaintiffs allege that on or about June 7, 1999, a package of documents was delivered anonymously to a columnist of the Athol Daily News. The package contained portions of Mr. Harris' personnel records which are maintained by the School District as his employer. The materials also included handwritten comments and other markings, an anonymous partly hand-printed cover letter and other materials containing what appeared to be disguised handwriting. Mr. Harris has alleged that the package was sent to the Athol Daily News by an employee or agent of the School District who had access to the documents produced, including the individual Defendants and other specified individuals. The Athol Daily News then printed some of this material which Plaintiffs allege was inaccurate, defamatory and intended to harass and intimidate Mr. Harris. Plaintiffs maintain that the identity of the person who sent the package to the Athol Daily News is relevant to the issues of retaliation alleged by Plaintiffs in this Complaint.

#### Discussion

Plaintiffs have engaged the services of a handwriting expert "to investigate the authorship of writing, printing and/or other markings contained in a package of documents at issue...." in this case. *Affidavit of Christine T. Cusack,* ¶ 2, (Docket No. 34). Ms. Cusack states that in order to perform her investigation, she needs exemplars of hand printing from each of the suspected writers and that she needs to be present to supervise the obtaining of such exemplars from the suspected writers. *Id.* ¶¶ 3 & 4. Defendants oppose an Order requiring that any of the Defendants or any witnesses be required to give handwriting exemplars. I do not find any precedent in the First Circuit concerning whether the Federal Rules of Civil Procedure permit a party to compel the execution of handwriting exemplars and therefore, will resolve this issue on the basis on what I believe the First Circuit would do if confronted with this issue.

Defendants base their opposition on a line of cases which hold that requiring the execu-

tion of handwriting exemplars is beyond the scope of applicable discovery rules. *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F.Supp. 511 (W.D.Pa.1983) (defendant cannot be compelled to create a document which does not exist: Fed.R.Civ.P. 34 cannot be used to require party to prepare, or cause to be prepared, writing to be produced for inspection, but can be used only to require production of that which already exists); *see also Precision Prefinishing Inc. v. Sherwin–Williams Corp.*, 1990 WL 117487 (D.Or. July 27, 1990) (Defendant not required to manufacture sample); *United States v. Schoenagle's Auto Body, Inc.*, 1985 WL 3806 (E.D.Pa. Nov.20, 1985) (Fed.R.Civ.P. 34 is limited to production of documents or tangible things already in existence). Plaintiff cites the more recent case of *Matthew Wilstein v. San Tropai Condominium Master Ass'n*, 189 F.R.D. 371 (N.D.Ill.1999), in which the court required board members of the defendant condominium association to create handwriting exemplars during the course of their depositions and under procedures administered by the plaintiff's expert. Plaintiffs also cite *United States v. Euge*, 444 U.S. 707, 100 S.Ct. 874, 63 L.Ed.2d 141 (1980), in which the Supreme Court concluded that pursuant to 26 U.S.C. § 7602, the IRS could compel a taxpayer to give a handwriting exemplar.

The court in *Wilstein* found that the taking of handwriting exemplars of condominium board members was relevant to determine whether or not any of them were responsible for writing harassing notes which were found in a restricted area accessible only to such board members. The *Wilstein* court found it persuasive that requests for handwriting exemplars are routinely granted in criminal trials. In support of its decision that the taking of handwriting exemplars should be permissible in civil cases, the *Wilstein* court cited to *Kalfas v. E.F. Hutton & Co.*, 1987 WL 10831 (E.D.N.Y. April 30, 1987), in which the court compelled handwriting exemplars from a plaintiff who challenged the authenticity of her signature on an agreement, and *Alford v. Northeast Insurance Co.*, 102 F.R.D. 99, 101 (N.D.Fla.1984), a civil case in which the court determined that "the taking and furnishing of fingerprints is a matter within the contemplation of Rule 34".

In *Euge*, the Supreme Court held that the IRS has the right to compel the execution of handwriting exemplars pursuant to Section 7602 for use in civil/criminal investigations of taxpayers. In so holding, the Supreme Court noted that under common law, witnesses traditionally had a broad duty to provide "relevant, non-privileged evidence", including non-testimonial physical evidence. *Euge*, 444 U.S. at 713, 100 S.Ct. 874. The Supreme Court further found that in enacting Section 7206, Congress' imposition of a duty on persons summoned thereunder to appear, give testimony and produce documents evidenced an intention to codify a broad testimonial obligation, which included the obligation to provide some physical evidence, "including handwriting exemplars". In refuting the respondent taxpayer's argument that Section 7602 requires only the production of documents already in existence and therefore, he could not be compelled to execute handwriting exemplars, the Supreme Court stated that "we do not view the exhibition of physical characteristics to be equivalent to the creation of documentary evidence … We see no difference between the nature of the evidence created when the witness is ordered to talk and that created when he is ordered to write". *Id.* at 718 n. 11, 100 S.Ct. 874.

In this case, Plaintiffs rely primarily on Fed.R.Civ.P. 34 as the source for their right to obtain handwriting exemplars from the Defendants and specified third parties. Clearly, the policy considerations with which Congress was concerned in drafting Section 7602 and which prompted the Supreme Court in *Euge* to find that Section 7602 empowered the IRS to compel the execution of handwriting exemplars differ markedly from the policy concerns which prompted the enactment of Rule 34. Furthermore, this is a civil proceeding and Section 7602 is used in the prosecution of criminal proceedings and civil proceedings that are quasi-criminal in nature. Nevertheless, I find the Supreme Court's reasoning in *Euge* persuasive in the context of civil discovery. Specifically, I find that the Rule 34 when read in conjunction with Fed.R.Civ.P. 26(b) must be broadly con-

strued to require the production of relevant physical evidence, including handwriting exemplars. Furthermore, unlike the cases cited by Defendants, I do not find that requiring the execution of handwriting exemplars constitutes "creating documents". In making this determination, I rely in part on the Supreme Court's finding in *Euge* and additionally, by way of analogy, I refer to the commonplace occurrence, during a deposition, of requiring the deponent to make a map or sketch of an accident scene, of a product or other description of things or events. There is nothing in Rule 30 that specifically permits that commonplace procedure, but without question, such procedure is permissible and the resultant drawing may be admissible at trial. Additionally, Rule 35 permits physical and mental examinations of persons when relevant. Requiring a person to execute a handwriting exemplar when such person's signature or authorship is in question is within the spirit of the policy concerns behind permitting such examinations. For theses reasons, I find that this Court's rules of procedure permit the taking of handwriting exemplars in civil cases.

I do, however, agree with the Defendants that Plaintiffs' right to obtain handwriting exemplars must be limited, under the circumstances of this case, to those persons who had access to the materials sent to the Athol Daily News and that there should be a protocol established for the obtaining of handwriting exemplars from the persons who fit within the category of those from whom handwriting exemplars are to be taken.

First, Plaintiffs shall be allowed to take handwriting exemplars from the following individuals who are named Defendants in this action: Penelope Kleinhans, Steven Buxton, Paul Guimond and Carla Rabinowitz. Additionally, I would permit Plaintiffs to obtain handwriting exemplars from the School District's Assistant School Superintendent, Robert Siminski and employee, Robin Hamlett. Both of these individuals had access to the materials sent to the Athol Daily News and both were under the direct supervision and control of the Defendant, Penelope Kleinhans, who was then Superintendent of the School District.

Second, the Plaintiffs' handwriting expert, Ms. Cusack, shall establish a protocol for obtaining the handwriting exemplars, and although she may be present at the depositions where handwriting exemplars are to be obtained, she may not participate in the depositions nor may she direct deponents on how to follow her protocol. Plaintiffs' counsel will perform that function (and in doing so, may consult with Ms. Cusack).

Third, Ms. Cusack's analysis of the handwriting exemplars must be made available to the Defendants.

Fourth, all handwriting exemplars shall be taken by way of deposition and each deponent shall provide, at the time of his or her deposition, a handwriting sample that presently exists.

### Conclusion

Plaintiffs' Motion For Order To Provide Handwriting Exemplars (Docket No. 32) is *allowed* as provided in this Order.